KOGER *versus* WEAKLY, et al.

Bill filed to foreclose a mortgage on real estate, against several contending parties (whose rights doubtful,) dismissed on grounds,

1st. That the mortgage secured other property, sufficient to meet the mortgage debt.

2d. That one of the defendants having died *pendente lite*, and his representatives being materially interested, no steps had been taken to make them parties.

This bill was prosecuted by the plaintiff in error, in the Circuit Court of Lauderdale, for the foreclosure of a mortgage of real estate, executed by one Clifton, to secure the payment of a note, for two hundred dollars. It appeared, that the mortgage, also included personal property of greater value than the amount of the mortgaged debt, the balance due on

which, at the time of filing the bill, was below the sum of one hundred dollars.

Clifton had died pending the suit, and no measures, as appeared from the record, had been taken, to make his representatives parties to the bill. The Chancellor, on a final hearing, dismissed the bill, and the complainant took a writ of error here.

The questions, as determined, appear fully in the opinion of the Court.

ANDERSON, for Plaintiff.
HOPKINS, *contra.*

By Mr. Chief Justice SAFFOLD:

One of the points made in this case, involves important principles; a full investigation of which, would require an elaborate research, and a nice discrimination of the authorities.

It presents the questions, whether Clifton, as obligee of the title bonds, held in the lots an alienable interest; or any title or estate which was subject to his conveyance, by the separate mortgage, so as to create in Koger a *lien*, operative against the subsequent assignees of the bond, even with notice? Whether, as the subsequent assignments of the bonds were founded *partly* on the consideration of indemnifying *Sonnoner* as security for the purchase money, and of effecting the payments to the company, by which the legal titles were procured to Weakley, the rule "*qui prior est tempore, potior est jure,*" and the maxims, "*Equitas sequitur legem,*" and "*In æquali jure, melior est conditio possidentis,*" do not protect the legal title? Also, whether the circumstance of the title bonds (instead of being assigned to Koger) having been left by his contract in the hands of Clif-

ton, so as to enable him, on the best evidence of his continuing interest in the lots, to assign them in the customary way to a subsequent purchaser, thereby exposing him to all the mischief apprehended from sales of property, without delivery of either the articles or the title papers, does not destroy the equity which Koger might otherwie have had? These are questions of grave import; for which reason, and because they are not indispensable to the present decision, we prefer to express no opinion upon them, and to decline a full exposition of our views on the other points of the case.

Other objections urged against the complainant's right to relief, and which we consider sufficient to sustain this decree, are these.

From the answers and evidence in the cause, it appears that the other property contained in the mortgage to Koger, was sufficient to have enabled him, with proper diligence. pursuant to the terms of the deed, to secure and satisfy the balance of his debt, the principal of which, appears to have been less than one hundred dollars. The record contains no evidence, as against *Sonnoner* and *Weakly*, that the bond or mortgage in favor of *Koger* was founded on a valuable, or any sufficient consideration to effect the former. The answer of Clifton, did it contain an admission of the consideration (which it scarcely does) could not be regarded as evidence against his *co-defendants*. Also, it appears, that Clifton's representatives are materially interested in the subject of the suit, and that their interest must be affected by the decree; and that after a suggestion of his death, the Chancellor ordered that the suit should be revived in their names. Thus the suit appears to have stood, and been continued for two or three terms, during which, no steps

were taken to make the representatives parties, nor is any cause shewn to the contrary.

In this state of the case, the other parties being present, the Court proceeded to a final hearing, and dismissed the bill. The reasons for the decree are not given; but on these latter grounds alone, we think it sustainable, and therefore affirm, the decree, and adjudge the costs of this Court, as well as of the Court below, to the defendants.