ELISHA P. REYNOLDS, JR., V. TOUZALIN IMPROVEMENT COMPANY.

FILED JUNE 19, 1901. No. 9,715.

Commissioner's opinion, Department No. 2.

Injunction Will Lie to Prevent the Transfer of Stock in Case Stated. The transfer of shares of stock of a corporation may be enjoined at the suit of the owner when a bank of another state has wrongfully received the certificates of stock in pledge from one not the owner thereof, and not authorized to so pledge the same, and is attempting to have the stock transferred to the bank as the owner thereof upon the books of the corporation.

ERROR from the district court for Gage county. Tried below before STULL, J. *Reversed.*

*Hazlett & Jack,* for plaintiff in error.

*A. D. McCandless, Samuel Rinaker* and *Robert S. Bibb,* contra.

SEDGWICK, C.

Elisha P. Reynolds began this action in the district court for Gage county against the defendants, the Touzalin Improvement Company and Charles W. Robertson, its secretary, for an injunction enjoining them from register- ing and transferring to the Union National Bank of

Chicago, Illinois, certain shares of stock in the defendant company which the plaintiff claimed to own. The Union National Bank of Chicago, Illinois, filed a written request that it be allowed to intervene and plead to said action, which was allowed by the court; and the bank thereupon filed a general demurrer to the petition; the other defendants also filed a general demurrer. The court sustained these demurrers, and the plaintiff electing to stand upon his petition, judgment was rendered for the defendants, dismissing the cause, and the plaintiff has brought it here for review upon petition in error.

The petition alleges that the Touzalin Improvement Company is a corporation incorporated and existing under the laws of Nebraska, with its principal place of doing business in Wymore, Gage county, Nebraska, and that Charles W. Robertson is its secretary; that the plaintiff is a stockholder in said company and is the owner of the following shares of the capital stock in said company, viz.: Certificates Nos. 21, 22 and 23, which are dated July 18, 1893, and each certificate represents 100 shares, of the par value of $50 each, in the capital stock of said company; and that on or about November, 1893, W. P. Chapman, who at said time was a member of Chapman, Reynolds & Co., a copartnership of which the plaintiff was a member, without being authorized so to do, pledged said certificates of shares, which were the private property of this plaintiff, to the Union National Bank of Chicago, Illinois, as collateral security for money loaned by said bank to said firm. It then alleged that said bank claims to be the owner of the stock, having pretended to foreclose its lien thereon by sale, and that the sale was fraudulent and was done as a means of converting the shares of stock to the use of the bank, and that the bank then presented the certificates of shares to the defendant secretary and demanded that they be registered upon the books of the company; that the plaintiff filed an objection to said registry; and that the secretary will register and transfer the stock unless prevented by this injunction, and so great and irreparable in-

jury will be done to the plaintiff, and that the plaintiff has no adequate remedy at law.

1. It is insisted by the defendants that the allegations that the plaintiff is a stockholder in the company and the owner of the shares of stock in question, which are the private property of the plaintiff, and that Chapman pledged them to the bank without being authorized so to do, are not sufficient allegations to negative the right of Chapman to pledge the stock; but we do not see any merit in this contention. Certainly, if the plaintiff owned the stock and it was his private property and Chapman was not authorized to pledge it, he would have no right to do so. We think the allegations of the petition are sufficient in that regard.

2. It is further insisted that there is no allegation that the bank did not comply with the law in all things, and that there is not sufficient allegation of fact in the petition to show that there was any fraud practiced on the part of the bank; but this objection is not well taken. The plaintiff's right of action does not depend upon the question as to whether the bank acted fraudulently in the matter of its dealings with Chapman, and the allegations of fraud on the part of the bank, and other similar allegations, are of no importance in the petition, except so far as they tend to show the danger that exists that the plaintiff will lose his property unless he is granted relief in this action.

3. It is next insisted that the petition does not show that the plaintiff has no adequate remedy at law, or that the plaintiff will suffer any irreparable injury for want of the relief asked for; and it is suggested that an action for damages against the bank would afford the plaintiff adequate relief; but we do not so regard the case. The allegation is that a national bank of Chicago, Illinois, which of course must be a foreign corporation, has taken the stock in pledge, which would include a delivery of the certificates to the bank, and that the bank is claiming to be the owner and seeking to complete its possession and control over the stock represented by the certificates; and that

there is danger that the bank will succeed in so doing. A remedy which would involve permitting the bank to so complete its title in and control over the stock and then permit one to go to a foreign jurisdiction and bring an action against the bank for a conversion of the stock is not, we think, an adequate remedy.

The petition, therefore, states a cause of action entitling the plaintiff to relief, and the court erred in sustaining the demurrers thereto. It is therefore recommended that this cause be reversed and remanded.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.