# Walsh, *et al. v.* State, *ex rel.* Cook, *et al.*

## Mandamus.

(Decided February 1, 1917.   74 South. 45.)

1. Corporations; Officers; Election; Time.—Construing sections 3463-3464-3478-3481, Code 1907, it is held that if the election of corporation directors is not held on the designated date, the election may be held within a reasonable time thereafter.

2. Mandamus; Corporate Officers; Election; Notice.—The duty of the corporation "committee" to warn of annual meetings for election of officers may be enforced by mandamus.

3. Corporations; Officers; Election; Right to Vote.—The right to hold an-nual elections for directors of a corporation and to vote at such elections is a right that is inherent in the ownership of stock in the corporation; and a stockholder who appears by the books of the corporation to be such cannot be deprived of this right upon the allegation that he proposes to use his legal rights for purposes which other stockholders may think not to the best interests, or even to the detriment of the corporation.

4. Corporations; Officers; Terms.—A director cannot be suspended or re-moved from office until the end of his term, at least without cause, and if unlawfully removed from office, he is entitled to be reinstated in an appro-priate action to test the title to the office of director.

5. Corporations; Officers; Election; Time.—Where the charter of a cor-poration provides that annual meetings of stockholders shall be held for the election of officers and directors, the directors cannot by a change in by-laws so change the time of holding the annual election as to have the effect of continuing themselves in office, against the will of the majority of stock-holders.

6. Corporations; Annual Meeting of Stockholders; Time for Holding.—Under Code 1907, sections 3463, 3464, 3478, and 3481, where the annual meet-ing of stockholders is not called or held on the date prescribed in the by-

[Walsh, et al. v. State, ex rel. Cook, et al.]

laws, it becomes the duty of the directors within a reasonable time there after to call such annual meeting, and when such meeting is held, it become the annual meeting.

7. **Corporations; Stockholders' Meeting; Calling.**—The corporate direc tors are the proper officers to cause to issue notice of the stockholders' meet ing when the by-laws do not designate the time and place.

8. **Corporations; Officers; Election; Time; Call.**—That the ownership o some of the corporation's stock was in litigation, and certain of its stock ha been bought in by the corporation at a sale for the purpose of enforcing th corporation's statutory lien thereon for a debt due the corporation by a stockholder, was no good reason why the annual election should not be held and the stockholders entitled to participate therein given the opportunity t express a choice for directors and other officers, for the ensuing year.

9. **Corporations; Officers; Right to Vote.**—The stock book is evidence o the right to vote the stock shown to be in the name of its owner.

10. **Corporations; Right to Vote.**—The stock purchased by the corporation to enforce its statutory lien becomes treasury stock, and, as such, is not enti tled to be voted.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Mandamus by the State on the relation of Thomas L. Cook and others against J. M. Walsh and others as directors of the Mobile Towing and Wrecking Company to compel them to take the necessary steps to hold an annual meeting of the stockholders of the corporation. From a decree granting the writ the respond- ents appeal. Affirmed.

GREGORY L. SMITH & SON for appellants. STEVENS, McCOR- VEY & McLEOD for appellees.

THOMAS, J.—This is an appeal from an order granting the writ of mandamus commanding the directors of the Mobile Tow- ing & Wrecking Company to take the necessary steps to hold an annual meeting of the stockholders of said company. The order was made on submission upon the petition for the writ, with the answers of the defendants thereto, and the admission that wit- nesses present would testify to the truth of the allegations of defendants Pope, Walsh and Dorgan.

The question presented by this appeal is: When the by-laws of the corporation provide that the directors shall be elected at an annual meeting of stockholders to be held on a designated date, and that the officers and directors then and thus elected shall hold office for one year and until their successors are elected,

can an election for officers and directors be validly held on another date, where the annual election was not called or held by reason of the failure of the directors or other officials whose duty it was to issue the call therefor?

The Mobile Towing & Wrecking Company, of which petitioners and respondents were the respective stockholders and directors, was organized under the subject to the provisions of article 1, c. 69, of the Code of 1907, p. 397 et seq. The several statutory provisions pertinent to this inquiry are to the effect that: "Every corporation organized under article one of this chapter must have at least three directors who shall be owners of stock of the corporation, and who shall be elected annually, and hold office for one year and until their successors are elected."—Code, § 3463; *Rush v. Aunspaugh*, 179 Ala. 542, 60 South. 802; *Nathan v. Tompkins*, 82 Ala. 437, 2 South. 747.

And that: The "failure to elect directors shall not work a dissolution of the corporation, but the existing board of directors shall continue to manage the affairs of the corporation until their successors are elected."—Code, § 3464; *Curry v. Woodward*, 53 Ala. 371, 375.

By section 3478 of the Code it is provided in part as follows: "Meetings of the stockholders of a corporation shall be held annually, of which meetings, as well as special meetings, notice shall be given as the by-laws prescribe," etc.

And section 3481 of the Code authorizes a corporation "to make and alter at pleasure all needful by-laws, rules, and regulations for the transaction of its business, and the control of its property and affairs," etc.

(1) When said several sections are construed together, it is clear that it was the legislative intent to prevent a dissolution of the corporation by a failure to elect new directors at the annual stockholders' meeting; that it was in the contemplation of the statute that there should be an election of officers and directors annually; and that when the election was not held as required by the statute and the by-laws, the successors in office of such officers and directors should be elected within a reasonable time thereafter by the stockholders.

(2) It has long been declared law that it is the duty of the "society's committee" to warn of the annual meetings of the society for the election of officers; and that if this duty be neglected a writ of mandamus, "directed either to the society's com-

mittee, or to the society itself, would enforce the annual election of the necessary officers."—*Rex v. Cambridge*, 4 Burr. 2008, 2011; *Rex v. Tregory*, 8 Mod. 113; *Congregational Society v. Sperry*, 10 Conn. 200, 208; *Stabler, et al. v. El Dora Oil Co., et al.*, 27 Cal. App. 516, 519, 150 Pac. 643; *People, ex rel. Hart v. Blackhurst* (Sup.) 11 N. Y. Supp. 670; Thompson on Corp., § 810; 9 Mod. Amer. Law, 216; 2 Kent's Com. 295; 26 Cyc. 352; 1 Thompson on Corp. (2d Ed.) 807, 810; 2 Cook on Corp. (6th Ed. 603.

(3) The right to hold annual elections for directors of a corporation and to vote at such elections is a right that is inherent in the ownership of stock in the corporations; and a stockholder who appears by the books of the corporation to be such cannot be deprived of this right upon the allegation that he proposes to use his legal rights for purposes which other stockholders may think not to the best interests, or even to the detriment, of the corporation.—*Camden & Atlantic Ry. Co. v. Elkins*, 37 N. J. Eq. 273; *Pender v. Lushington*, L. R. (6 Ch. Div.) 70; *Hurlbut v. Marshall*, 62 Wis. 590, 22 N. W. 852; *Wright v. Commonwealth*, 109 Pa. 560, 1 Atl. 794; *Commonwealth v. Gill*, 3 Whart. (Pa.) 228, 247; 2 Cook on Corp. p. 1365, § 603.

(4) A director cannot be suspended or removed from office until the end of his term, at least without cause. If unlawfully removed from office, he is entitled to be reinstated in an appropriate action to test the title to the office of director.—*Moses v. Tompkins*, 84 Ala. 613, 616, 4 South. 763; *Crow v. Florence I. & C. Co.*, 143 Ala. 541, 39 South. 401; *Med. & Surg. Soc. v. Weatherly*, 75 Ala. 248; s. c., 76 Ala. 567; *People, ex rel. Manice v. Powell*, 201 N. Y. 194, 9 4N. E. 634.

(5) Where the charter of a corporation provides that annual meetings of stockholders shall be held for the election of officers and directors, the directors cannot by a change in by-laws so change the time of holding the annual election as to have the effect of continuing themselves in office, against the will of the majority of stockholders.—1 Thompson on Corp. § 812; *Mottu v. Primrose*, 23 Md. 482; *West Side Hospital v. Steel*, 124 Ill. App. 534; *Elkins v. Cam. & Atl. R. R. Co.*, 36 N. J. Eq. 467, 470; 10 Cyc. 319.

In *State v. Wright*, 10 Nev. 167, 175, the Chief Justice said: "The fact that the day provided for in the by-laws for the calling such an election has passed, does not justify the trustees in

refusing to call the meeting. When the day has passed it is the duty of the trustees to call the meeting within a reasonable time— certainly to call it whenever demanded by any stockholder. When called it is just as much an annual meeting as if called upon the day specified in [and by the] by-law."—*Flagg v. Lady Bryan Co.*, 4 Nev. 406; *Stabler v. El Dora Oil Co., et al., supra; State v. Bonnell*, 35 Ohio St. 10; 2 Cook on Corp. § 604; 1 Thompson on Corp. § 812.

In *Sylvania & G. R. Co. v. Hoge*, 129 Ga. 734, 740, 59 S. E. 806, 809, it is said: "For some reason, presumably because they were not informed that it was in their power to legally elect a board of directors, no action was taken at the January meeting. The term of the old board of directors expired at this time, and it was the duty of the stockholders to have elected their successors. As no election was held, any stockholders could by mandamus compel the calling of a meeting for the purpose of complying with the statutory duty."

The rule is thus stated in *Stabler v. El Dora Oil Co., supra:* "That the stockholders may avail themselves of the remedy by mandamus to compel a recalcitrant board of directors to call an annual meeting for the election of directors admits of no controversy. Mr. Thompson in his work on Corporations, § 810, says: 'Officers have been known to attempt to defeat the will of stockholders by purposely failing to give notice of either regular or special meetings. But where the officers whose duty it is to issue the call or give notice of a stockholders' meeting either fail or refuse to do so, the stockholders are not without remedy. Whatever may be the rule with reference to the liability, it is now the well settled rule that stockholders may by mandamus compel the officers to issue the call or give the proper notice for meetings.' "

In *People, ex rel. Young v. Trustees of the Town of Fairbury*, 51 Ill. 152, it is said: The old board are still in office, and may exercise all the powers and should perform all the duties properly belonging to them in their official capacity; and one of those powers and duties is to give notice for the election of their successors. This notice need not, necessarily, be given within the year for which they were elected; 'the sounder and better doctrine' is, as laid down by Chancellor Kent, 'that where the members of a corporation are directed to be annually elected, the words are only directory, and do not take away the power

incident to the corporation to elect afterwards, when the annual day has, by some means, free from design or fraud, been passed by.'—2 Kent's Com. 295."

The hardship of any other rule is stated in *People, ex rel. Miller v. Cummings,* 72 N. Y. 436, as follows: "If the trustees could keep themselves in office by not having an annual election, the stockholders would be powerless, and they might perpetuate themselves in power as long as they choose. Such a course would also be in direct opposition to the mandatory provision requiring that trustees to be annually elected shall manage the affairs of the company. The enactment * * * prevents any such arbitrary use of power and protects stockholders of corporations from the misconduct of their officers in this respect. * * * To hold that an election of officers of a corporation must utterly fail because those in power, by accident or design, omit to do their duty, and by neglecting to give the proper notice, or by failing to make proper by-laws for that purpose, would be in contravention of the manifest intention of the law and sanction a construction entirely unwarranted."

Appellants insist that where no election of directors is had on the date fixed by the by-laws, the remedy is to call a special meeting of the stockholders, to amend its by-laws, fixing a new date for the annual election, and then call an annual meeting in conformity with the by-laws as thus amended; that until this procedure is adopted no annual election can be held, though the annual election in the instant case was prevented by the unprecedented storm that devastated Mobile on the day on which the annual election was to be held according to the by-laws of the corporation. The cases of *Weatherly v. Med. & Surg. Soc.,* 76 Ala. 567, 572, and *Nathan v. Tompkins, supra,* are cited as authorities. In the latter case this court said: 'The statutes fix the term of office of the directors, contemplating only annual elections. The term of office of those first elected continues until the time fixed for the annual election, which was the third Tuesday in April, 1888. No power is conferred by the charter, or by statute, and there is no inherent power to remove directors, who are elected for a definite period fixed by statute, before the expiration of that period. * * * They really constitute the governing body; and the charter of incorporation, the statutes and the by-laws, are a contract between the shareholders, as to their election and the duration of their term of office. A majority of the board of

[Walsh, et al. v. State, ex rel. Cook, et al.]

directors cannot abrogate nor extend their term of office by merely changing the time of the annual meeting of the stockholders. If they have such power, they could cause quarterly or monthly elections, by successive amendments of the by-laws changing the time of the annual meeting."

The court pointed out that it could not be determined from the record in the *Nathan Case* what four of the new directors, if any specifically, were elected to fill the vacancies on the board; that the sale and transfer of the stock of the four directors did not operate ipso facto to remove said four directors from office (though it may have afforded sufficient cause for removal) ; and that it certainly did not remove the remaining directors, who had not parted with their stock, nor constitute a cause therefor. It was further pointed out that: "Without proceedings looking to removal, or even declaring vacancies, the majority of the stockholders elected an entire new board, thus indirectly superseding *all* the directors first elected."

Thus the *Nathan Case* specifically points out that a majority of the board of directors cannot extend their term of office by merely changing the time of the annual meeting of the stockholders; nor extend their term of office by negligently or designedly refusing to call the annual stockholders' meeting at which officers are required to be elected; nor amend the by-laws to prevent the call for a stockholders' meeting for the election of officers.

If appellants have the correct view of this question, any board of directors failing or refusing, by inadvertence or design, to call the annual meeting of stockholders, can continue themselves for an additional period beyond the statutory term, in the office to which they were elected, and thus affect or jeopardize the serious business interests of the corporation and of its stockholders. As illustrated in brief of appellant's counsel, by their own neglect or design, the directors in the instant case would remain in office from July 11, 1916, to November 21, 1916, beyond the year for which they were elected by the stockholders.

The *Weatherly Case* is not in conflict with the view we have expressed. There there was an application by a licensed physician for a writ of mandamus to a medical and surgical society, a private corporation, to compel the restoration of relator to membership and office in the society. By the provisions of the so-

ciety's constitution the business of each regular meeting was particularly specified; and it was further declared that the prescribed order of business might be suspended at any time by the vote of a majority of the members present. The holding was, that while the society might, at any meeting set apart for any specified purpose, suspend the prescribed order of business by the vote of a majority present, and postpone consideration to a future meeting, this could be done only at the particular meeting at which such business was by the constitution of the society prescribed to be considered. The business relating to the revision of the roll of members, being specially prescribed for the regular meeting in April, it was held, could not be transacted at a call meeting in August, unless regularly postponed to that time from the regular meeting in April. Relator's name having been "struck from the roll of membership" at the regular meeting in April, by proceedings which were thereafter held to be irregular and which were set aside by its order, the society had no authority, at a call meeting in August, to strike relator's name from the roll. Mandamus was awarded to compel his restoration.

It has been held that provisions in statutes and by-laws requiring the election of directors to be had on a specified day are to be regarded as directory, that if the given election is not held on the specified day, it may be held at a later date within a reasonable time thereafter, and that the directors then chosen will be directors de jure.—*Hughes v. Parker*, 20 N. H. 58; *N. F. Ins. Co. v. Moore*, 55 N. H. 48 (in regard to a by-law); *Beardsley v. Johnson*, 121 N. Y. 224, 24 N. E. 380; *Scanlan v. Snow*, 2 App. D. C. 137; *Vandeburgh v. Broadway Co.*, 29 Hun (N. Y.) 348; 1 Thompson on Corp. § 812; 10 Cyc. 321, 322.

(6) We believe it to be in consonance with both the letter and the spirit of our statute that where the annual meeting of stockholders is not called or held on the date prescribed in the by-laws, it becomes the duty of the directors within a reasonable time thereafter to call such annual meeting. Especially is this true when demand is made on the directors for such purpose by a stockholder. When such meeting of the stockholders is called and held, it becomes the annual meeting thereof, required to be held by the by-laws and by the statute.—*State, ex rel. Sears v. Wright, supra; Sylvania Co. v. Hoge, supra; Stabler v. El Dora Oil Co., supra; Hicks v. Lanoeston*, 1 Rolle, Abr. 514, pl. 6; 10 Cyc. 318.

(7) The directors are the proper officers to cause to issue and be given the legal notice of the time and place of a stockholders' meeting, when the by-laws do not designate the same.—1 Thompson on Corp. (2d Ed.) § 808; Cook on Corp. (6th Ed.) §§ 593, 594; 10 Cyc. 321; *Knoll, et al. v. Levert,* 136 La. 241, 66 South. 959. The directors failing to give this notice and to call the annual meeting in the case at bar, the petitioning stockholders first applied to the directors for redress of their grievance—the failure to call the annual meeting—requesting that the annual meeting be forthwith called for the election of officers. The directors failing to comply with this request, the petitioners applied for the writ of mandamus to compel the issuance of the call for the annual meeting of stockholders.—*King v. Livingston Mfg. Co.,* 192 Ala. 269, 68 South. 897; *Howze, et al. v. Harrison,* 165 Ala. 150, 51 South. 614; *L. & N. R. R. Co. v. Neal,* 128 Ala. 149, 29 South. 865; *Crow v. Florence Co., supra.*

(8, 9) That the ownership of some of the corporation's stock was in litigation, and certain of its stock had been bought in by the corporation at a sale for the purpose of enforcing the corporation's statutory lien thereon for a debt due the corporation by a stockholder, was no good reason why the annual election should not be held, and the stockholders entitled to participate therein given the opportunity to express a choice for directors and other officers for the ensuing year. The stock book is evidence of the right to vote, the stock shown to be in the name of its owner.—2 Cook on Corp. § 611; *Comm. v. Walzell,* 152 Pa. 217, 25 Atl. 535, 34 Am. St. Rep. 640; *Morrill v. Little Falls Mfg. Co.,* 53 Minn. 371, 55 N. W. 547, 21 L. R. A. 174; *State v. Ferris,* 42 Conn. 560, 568; *Hoppin v. Buffum,* 9 R. I. 513, 11 Am. Rep. 291; *Allen v. Hill,* 16 Cal. 113.

(10) The stock purchased by the corporation to enforce its statutory lien becomes treasury stock, and, as such, is not entitled to be voted.—2 Cook on Corp. (6th Ed.) 611, 613; 1 Cook on Corp. (6th Ed.) § 129; 8 Thompson on Corp. (2d Ed.) § 1945; 4 Thompson on Corp. (2d Ed.) § 3763; *Market St. Ry. Co. v. Hellman,* 1C9 Cal. 571, 42 Pac. 225, 230; *Ex parte Willcocks,* 7 Cow. (N. Y.) 402, 17 Am. Dec. 525.

Applying the foregoing well-established rules for the protection and management of the affairs of corporations, to the admitted facts in this case, we are of opinion that the writ of mandamus awarded by the judge of the law and equity court of

[Sloss-Sheffield S. & I. Co. v. Bearden.]

Mobile was properly awarded, that the petitioners were entitled to the relief prayed, and that the judgment should be and it is affirmed.

The time having passed for compliance with the writ heretofore granted by the lower court, said lower court will fix another day for compliance with said former writ of mandamus granted in said cause.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.