THOMPSON, J.
The plaintiff claims to be the owner of 30 shares, of the par value of $100 each, of the capital stock of the Martel Syndicate, a corporation organized under the laws of this state, and having its domicile at the town of Jennings in the parish of Jefferson Davis.
The petition alleges that the said shares of stock are held in the name of J. D. Block for petitioner’s convenience, but that the said Block has lately applied for a transfer of said stock on the books of said corporation, and has presented to the president of said corporation for his signature 30 new certificates, to be issued to him in lieu of the 30 shares held by said Block in trust for petitioner.
The petition very succinctly states and sets out in detail the manner and method by which Block came into possession of the said stock, which it is not necessary here to restate.
It is alleged that the issuance of the certificates of stock to the said Block as the absolute owner thereof would cause irreparable injury to petitioner, and that petitioner is entitled to an injunction to forbid the Martel Syndicate from issuing new certificates of stock to the said Block. The injunction was issued as prayed for, and the Martel Syndicate was duly cited.
The defendant Block, being a nonresident of the state, was cited through a curator ad hoc. The corporation answered, but the curator ad hoc for Block excepted to the jurisdiction of the court, (1) because he was a resident of the state of Texas, and (2) that it is not competent to have the questions raised in plaintiff’s petition tried by constructive process on defendant, for the reason that the court is without jurisdiction over the res, the stock in dispute being in the physical possession of the defendant in Houston, Tex. The exception was sustained, and the suit dismissed. The correctness of that ruling is the sole issue presented on this appeal.
 It is contended on behalf of plaintiff that, by pleading other matters in the exception, the question of jurisdiction of the person of defendant was waived. It is well settled, however, that the curator ad hoc cannot, either expressly or impliedly, waive citation nor the want of jurisdiction. The plea to the jurisdiction of the court ratione materke, and the allegation that the stock in question was in the physical possession .of defendant and beyond the process of the court in which the suit was pending, was not a waiver of the plea of want of jurisdiction ratione personae; both pleas being filed by the curator ad hoe. It would be different if the defendant had appeared and filed the pleas in person or by counsel employed by and acting for him.
 We think the ruling, however, which sustained the plea of want of jurisdiction in the court to try'the issue presented because Block, one of the defendants, was an absentee, was erroneous. There cannot be the slightest doubt that the suit was properly brought against the defendant corporation in the parish of its domicile. Nor can there be any sort of doubt that, if the plaintiff owns the. shares of stock' in question, and such shares are in the illegal and wrongful possession of the defendant, as is alleged, the plaintiff has the legal right to enjoin the corporation from making a transfer of such stock on the books of the corporation, and issuing new certificates to the defendant Block.
Previous to 1912, a corporation in this state was held liable for any loss or injury sustained by permitting shares to be transferred on its books without the authority of the real and true owner of the stock. Leurey v. Bank of Baton Rouge, 131 La. 30, 58 South. 1022, Ann. Oas. 1913E, 1168. But the Legislature of 1912 passed Act 215 of *868 the session of that year, by which it was declared that the person in* whose name a certificate of stock stands on the books of a corporation, and who has the possession of said certificate, might be regarded as the legal owner thereof, and no corporation shall be held responsible to any one claiming any interest in or ownership of such stock by virtue of any undisclosed or latent legal title.
It was within the power of the defendant corporation at the instance of Block to transfer the stock claimed herein, and to issue new certificates in the name of Block, and this, it is alleged, was proposed to be done. The plaintiff, therefore, not only had the right to prevent such transfer by an injunction against the corporation, but such a suit and proceeding was the plaintiff’s only effective remedy.
The rule as laid down in R. C. L. vol. 7, p. 197, § 167, is stated as follows:
“As the habitation or domicile of the company is and must be in the state that created it, the property represented by its certificates of stock for most purposes properly may be deemed to be held by the company within the state whose creature it is, whenever it is sought by suit to determine who is its redi owner. And so it is held that an action to recover shares of stock may be brought in the jurisdiction where the corporation has its domicile, notwithstanding the nonresidence of the parties to the suit, other than the corporation.”
It is true, as stated by some authors, that for the purpose of taxation and some other similar purposes stock follows the domicile of its owner; but, considered as property separated from its owner, stock is in existence only in the state' of the corporation. And Cook, in his work on Corporations, says, at. page 60, vol. 1 (6th Ed.):
“A claimant of stock in a corporation may institute suit at the place where the company is incorporated for the purpose of obtaining possession of the stock, even though the holders of the stock are nonresidents and are brought into the case only by publication and substituted'service. The court acquires jurisdiction over the defendants.”
The facts of this case, as set forth in the petition, illustrate the importance and necessity of the rule. Not otherwise, upder the alleged facts of the case, would the plaintiff have any adequate relief against Block, who has illegally possessed himself of the shares of stock claimed by plaintiff, and, in violation of his trust, removed all of the books, papers, and the corporate seal beyond the jurisdiction of the state in which the corporation was domiciled, and where he continues to keep them in defiance of and against the protest of the corporation, as well as the true owner of the stock.
The district court of the parish of Jefferson Davis having jurisdiction over the defendant corporation and over the subject-matter of the suit, and the plaintiff having the right to enjoin that corporation from transferring the stock in question on its books, the defendant Block, though a nonr resident, was a necessary party to 'that suit, and was properly cited through a curator ad hoc.
The' judgment appealed from is annulled and reversed, the exception Ito the jurisdiction is overruled, and the case is remanded to the lower court to be proceeded with according to the views herein expressed’ and according to law.
Rehearing refused by Division B,^ composed of DAWKINS, LAND, and LECHE, JJ.