(113 So. 609)

### ODEN v. KING et al. (6 Div. 910.)

Supreme Court of Alabama. June 30, 1927.

**1. Equity ⬅233—Demurrer to bill as whole and severally to each paragraph has effect of general demurrer.**

A demurrer to a bill as a whole and separately and severally to each paragraph thereof has the effect of a demurrer to the bill as a whole.

**2. Appeal and error ⬅917(3)—Supreme Court will presume trial court sustaining, without specifying grounds, demurrer, both general and partial, did not pass on partial demurrer.**

Where a demurrer to a bill as a whole and severally to each of its paragraphs is sustained without reference to the parts of the bill, the Supreme Court will presume that the trial court did not pass on the demurrer to the different aspects.

**3. Equity ⬅232—Sustaining demurrer to bill as whole, where any one of aspects presents ground for relief, is error.**

It is error to sustain a demurrer to a bill as a whole, where any one of its aspects presents ground for the interposition of equitable relief.

**4. Evidence ☞383(6)—Stock book is prima facie evidence of ownership.**

Stock book of a corporation is prima facie evidence of ownership of stock, subject to be impeached for fraud.

**5. Injunction ☞73—Demand, by one wrongfully holding corporate stock, for transfer on corporation's books justifies injunction to preserve book ownership until adjudication of rights.**

Demand by one wrongfully in possession of corporate stock that it be transferred to him on corporation's books is such interference with rightful ownership as to justify injunction against the corporation to preserve the status of book ownership until rights may be adjudicated.

**6. Injunction ☞39—Equity will enjoin transfer of specific thing which would be irretrievably lost to owner.**

Court of equity will interpose by injunction to prevent transfer of a specific thing, which, if transferred, will be irretrievably lost to the owner, such as negotiable securities and stocks; remedy at law not being plain, full, and adequate.

**7. Corporations ☞143—Owner of stock is protected in ownership so long as he so appears on stock book.**

One claiming to be real owner of certificates of stock in hands of another *held* protected in his ownership so long as stock remained registered in his name on the corporation's books.

**8. Injunction ☞40—Equity will enjoin transfer on corporation's books of stock, alleged delivered without authority, until rights of parties may be adjudicated.**

Equity will enjoin transfer on corporation's books of stock, alleged to have been delivered to holder of certificates without authority, until rights of the parties may be adjudicated.

**9. Injunction ☞40—Equity will enjoin transfer of stock on corporation's books until claim that consideration for transfer entirely failed may be determined.**

Equity will enjoin transfer on corporation's books of stock on allegation that consideration for transfer entirely failed, until rights of the parties may be adjudicated.

**10. Mortgages ☞378, 583—Debt and note secured by mortgage are extinguished, where holder purchases land on foreclosure for amount of debt.**

Notes secured by mortgage are extinguished where the mortgagee or his assignee purchases land on foreclosure for a sum equal to the debt and charges secured, so that the mortgagee or assignee may not thereafter maintain an action on the note or debt.

**11. Trusts ☞104—Mortgagee or assignee of certificates of stock pledged as additional collateral, after sale of land under foreclosure for full amount of debt, held trustee for mortgagor.**

Retention by holder of certificates of stock pledged as security to a debt also secured by real estate mortgage, after the debt was fully satisfied by his purchase of land under foreclosure for the full amount of the debt, was unlawful and as trustee for the mortgagor.

**12. Mortgages ☞358—Equity may relieve from sale or loss where holder of mortgage covering certificates of stock and lands exposes all for sale en masse.**

Where holder of mortgage covering both real estate and certificates of stock as security exposes both classes of property to sale en masse, resulting in receiving a grossly inadequate price, a court of equity may relieve from the sale or the loss thereby sustained by the mortgagor.

**13. Injunction ☞113—In determining whether owner of stock was guilty of laches in asking for injunction to prevent transfer by one wrongfully in possession, time would be computed from holder's demand for transfer.**

Owner of stock in corporation would not be precluded by laches from relief by injunction to prevent a corporation from transferring on its books certificates wrongfully in the possession of another for three or four years, since only when the holder wrongfully demanded transfer on corporation's books would the time be computed against owner.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill for injunction by D. A. Oden against Sibley P. King and others. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and remanded.

Hugh A. Locke and Earl McBee, both of Birmingham, for appellant.

The person in whose name corporate stock is registered on the books of the corporation is entitled to the benefits and liabilities as the owner thereof. Oden v. Vaughn, 204 Ala. 451, 85 So. 779; Davis v. Lime Cola Co., 18 Ala. App. 562, 93 So. 330. Injunction is the proper remedy where one wrongfully in possession is attempting to have his ownership completed by transfer of certificates on the books of the corporation from the real owner to himself. Osborn v. Bank of U. S., 9 Wheat. 738, 6 L. Ed. 204; Zeiger v. Stephenson, 153 N. C. 528, 69 S. E. 611; Luitwieler v. Luitwieler Pumping Co. (Sup.) 191 N. Y. S. 111; 1 Spelling on Inj. (2d Ed.) 540; Sheppard v. Rockingham Power Co., 150 N. C. 776, 64 S. E. 894; Davis v. S. A. & G. S. R. Co. (Tex. Civ. App.) 44 S. W. 1012; Reynolds v. Touzalin Co., 62 Neb. 236, 87 N. W. 24; Oden v. Vaughn, supra. Full payment of mortgage debt by foreclosure of a part of the property covered by the mortgage is satisfaction of and extinguishes the mortgage. 1 Jones on Mortgages, §§ 950, 953; Hood v. Adams, 124 Mass. 481, 26 Am. Rep. 687. And where mortgage covers several parcels of realty as well as personalty, which is foreclosed in one lump and bought in by the mortgagee, the real property alone being worth more than

three times the amount of the mortgage indebtedness, the foreclosure as to the personalty was void, unquestionably voidable. 1 Jones, supra; Koger v. Weakly, 2 Port. 516; Mahone v. Williams, 39 Ala. 202; Judge v. Wilkins, 19 Ala. 765; Todd v. Int. Mtg. Co., 196 Ala. 169, 71 So. 661; Dozier v. Farrior, 187 Ala. 181, 65 So. 364. Laches does not operate against present or future disturbance of present or future rights of complainant. George v. Central R. & B. Co., 101 Ala. 607, 14 So. 752. Where a bill contains several aspects, the only proper method of testing the bill as a whole, as well as the aspects thereof, is to address the demurrer to the bill as a whole and each and every aspect thereof, and a demurrer addressed to the bill as a whole and each and every paragraph merely has the effect of a demurrer to the bill as a whole. Thompson v. Brown, 200 Ala. 382, 76 So. 298; Hudson v. Hudson, 204 Ala. 75, 85 So. 282; Bank v. Dunnavant, 204 Ala. 636, 87 So. 105. It is error to sustain demurrer to the bill as a whole where any one of the aspects is not subject to the demurrer. Robinson v. Griffin, 173 Ala. 372, 56 So. 124; George v. Central R. & B. Co., supra; Jasper Land Co. v. Manchester Sawmills, 209 Ala. 446, 96 So. 417. Where demurrer is sustained generally and no mention made of partial demurrers in the decree, it will be presumed the chancellor did not pass on the latter, and they will not be considered on appeal. Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Worthington v. Miller, 134 Ala. 420, 32 So. 748. Laches, to be raised by demurrer, must be apparent on the face of the bill. Bromberg v. Heyer, 69 Ala. 22; Shorter v. Smith, 56 Ala. 208; Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201; Nimmo v. Stewart, 21 Ala. 682; Grand Lodge v. Grand Lodge, 174 Ala. 395, 56 So. 963.

William S. Pritchard and John D. Higgins, both of Birmingham, for appellees.

If facts essential to the right of complainant are not clearly and unambiguously alleged, the defect will be fatal. Sims. Ch. Pr. 118; Duckworth v. Duckworth, 35 Ala. 70; Garnett S. & D. Co. v. Watts, 140 Ala. 449, 37 So. 201; Frederick v. Hartley, 202 Ala. 43, 79 So. 381; Eutaw Ice, W. & P. Co. v. Eutaw, 202 Ala. 143, 79 So. 609; Heflin v. Heflin, 208 Ala. 69, 93 So. 719. A demurrer will lie for laches or statutory limitation appearing on the face of the bill. South v. Pinion, 207 Ala. 122, 92 So. 420; Sweeney v. Sweeney, 210 Ala. 593, 98 So. 883. Where complainant has a plain and adequate remedy at law, he is not entitled to resort to equity. Farmers' Sav. Bank v. Murphree, 200 Ala. 574, 76 So. 932; Hunt v. Jones, 203 Ala. 541, 84 So. 718.

THOMAS, J. The bill was filed on April 22, 1926, by D. A. Oden against S. P. King, Allen-Oden Ore Company, a corporation, and W. H. Osburn, its executive officer. Demurrer was sustained to the bill as amended. It sought injunction to prevent the transfer, on the books of the corporation, of certain shares of stock in the corporation to said King.

It is alleged of certificate No. 77 that complainant does not know how King obtained the possession thereof, as transferee has no right, title, or interest in the same; that complainant as the owner thereof has never received any consideration therefor, and King has made demand on said secretary for its transfer to him.

It is alleged of certificate No. 83 that it was transferred by complainant to King in consideration of a credit on an indebtedness indicated, which credit was never given, and therefore there was "a total failure of consideration of such transfer and delivery."

It is alleged of certificate No. 53 that King claims title of same by virtue of a foreclosure of a mortgage of date of December 23. 1920; "the mortgage alleged to have been foreclosed on the 2d day of April, 1923, and bought by F. C. Sherrod," who is alleged to be "the partner, associate, agent, employee, or servant" of said King; that "the foreclosure deed made in keeping with said foreclosure does not set forth or convey said certificate No. 53" embraced therein with certain parcels of land; "that the foreclosure deed shows the foreclosure of said real estate; and that it brought the full amount of the said mortgage indebtedness, plus costs, plus attorney's fees"; and "therefore that the said indebtedness has been canceled and the said King is no further entitled to the possession of said certificate of stock No. 53."

The respective allegations as to stock certificates Nos. 65, 66, and 67 are that King claims, by virtue of the mortgage given by complainant of date of December 31, 1920, for an indebtedness of $4,250, secured by said certificates of stock, and upon certain real property specifically described; that said mortgage "was foreclosed on April 2, 1923, by foreclosure deed, recorded in volume 1195, p. 293, in the office of the probate judge of Jefferson county, Ala.," and appellant alleges that at said foreclosure the certificates of stock and the several tracts of land were sold together "and not in separate sale"; that the real property was of the reasonable value of over $12,000, far more than "enough to satisfy the total indebtedness"; that said "alleged foreclosure of the certificates of stock is therefore voidable" and complainant elects to "avoid the same," for the reason that the "indebtedness has been satisfied by the alleged foreclosure of the real property"; and that King "has no right, title, interest in or claim to the said certificates of stock Nos. 65, 66, and 67 aforesaid, while

having an instrument in writing purporting to convey to him a legal title and right to have said stock entered on the books of the corporation in his name, in equity he has no interest in or claim to said certificates."

It is further averred that the total consideration for said mortgages, stripped of usury and overcharges, was, to wit, $4,000, and the total valuation of said property securing both mortgages (aside from the value of the shares of stock Nos. 53, 65, 66, and 67) was, to wit, $15,000, and that by said foreclosure and sale of the real property said King "could have been more than satisfied as to his total indebtedness"; that the attempted "foreclosure of the said certificates of stock is voidable as aforesaid"; and that complainant has the right to have said certificates redelivered to him by said King, or his agent or servants.

It is further alleged that demand is made by King for the transfer of said certificates of stock on the corporation books; that the corporation and its secretary be enjoined from making or entering the transfers, and the attempted foreclosure of the certificates be canceled and annulled, and that they be required to deliver said certificates of stock to complainants; and that certificates of stock Nos. 77 and 83 be required to be redelivered to complainant as owner, and the alleged transfer thereof be canceled and annulled.

The demurrer by respondent King was directed to the bill as amended, as follows:

"Now comes the respondent S. P. King in the above-styled cause, by his solicitors, and refiles to the complainant's bill of complaint as amended the demurrers heretofore filed by this respondent to complainant's original bill in this cause; and respondent assigns said demurrers, separately and severally, to each and every paragraph of said bill of complaint as amended, separately and severally."

[1] When a bill contains several aspects, the proper method of testing the pleading as a whole, and the several aspects thereof, is to address the demurrers to the bill as a whole, or to the aspect of the bill as the demurrer is appropriate and is desired to be challenged in such manner. Thompson v. Brown, 200 Ala. 382, 384, 76 So. 298; Worthington v. Miller, 134 Ala. 420, 32 So. 748; Hudson v. Hudson, 204 Ala. 75, 85 So. 282; Bank v. Dunnavant, 204 Ala. 636, 639, 87 So. 105; City of Birmingham v. L. & N. R. Co., ante, p. 178, 112 So. 742.

[2, 3] It follows from these decisions that a demurrer addressed to the bill as a whole, and separately and severally to each and every paragraph of the bill of complaint as amended, has the effect of a demurrer to the bill as a whole. And where a demurrer going to the bill as a whole is sustained, and the bill is dismissed as to demurrants, and no reference to grounds going to parts of the bill, it will be presumed that the trial court did not pass upon the partial demurrer—that to the different aspects of the bill. Sandlin v. Anders, 210 Ala. 396, 98 So. 299. That is, if demurrer directed to the bill as a whole and not to its respective aspects, it is error to sustain the same where any one of the aspects presented by the bill is not subject thereto. Jasper Land Co. v. Manchester Sawmills, 209 Ala. 446, 96 So. 417; Robinson v. Griffin, 173 Ala. 372, 56 So. 124; George v. Cent. R. Co., 101 Ala. 607, 621, 14 So. 752.

The instant bill contains three aspects or phases thereof. They are (1) the delivery up and cancellation of any attempted transfer of certificates Nos. 77 and 83, and injunction against the transfer thereof on the books of respondent corporation to respondent King; (2) that pertaining to certificate No. 53 alleged to be wrongfully in King's possession under foreclosure of mortgage covering it, and real property, the latter bringing at foreclosure the amount of the debt and lawful charges; (3) this aspect has to do with the certificates of stock Nos. 65, 66, and 67, alleged to have come into King's possession by virtue of a mortgage that also conveyed real property, and that at foreclosure the real estate and the said certificates of stock were not exposed to separate sale; (4) that relief by injunction was against the threatened injury by transfer to King of said stock in the corporation, evidence by the certificates indicated as standing certificates on the books of the corporation in complainant's name.

[4, 5] It is established that one in whose name corporate stock is duly registered on the books of the corporation is entitled to the benefits and subject to liabilities as the owner—the stock book, being the evidence of the right or duty of ownership, is a prima facie right unless impeached for fraud. Walsh et al. v. State ex rel. Cook, 199 Ala. 123, 74 So. 45, 2 A. L. R. 551; Oden v. Vaughn, 204 Ala. 445, 85 So. 779; Davis v. Lime Cola Bottling Works, 18 Ala. App. 562, 93 So. 328. Where one in the wrongful possession of corporate stock under purported transfer is demanding of the corporation to complete the transfer under the law, it is such action that enters into and affects the rightful ownership of the stock. The subject-matter or status quo of the book ownership of such stock should be preserved by injunction until the respective or alleged rights of the contending parties can be finally adjudicated. The general authorities are collected on temporary injunction in Rice v. Davidson, 206 Ala. 226, 89 So. 600. "The writs of mandamus and injunction are somewhat correlative to each other" is the statement in Board v. McComb, 92 U. S. 531, 23 L. Ed. 623, 628. And the rights and necessities for corporate action under the law to

preserve the true evidence of ownership by the stock book and the rights and duties to exercise the same were the subject of discussion in petition for mandamus in Walsh et al. v. State ex rel. Cook et al., 199 Ala. 123, 74 So. 45, 2 A. L. R. 551; and the necessity for resort to extraordinary remedies to prevent unwarranted or unlawful transfers of corporate stock and to preserve the status quo until final adjudication, in Oden v. Vaughn, 204 Ala. 445, 85 So. 779.

In Osborn v. Bank of United States, 9 Wheat. 738, 841, 842, 6 L. Ed. 204, 228, 229, Mr. Chief Justice Marshall said:

"Why would such person or company have been enjoined? To prevent a permanent injury from being done to the party entitled to the franchise or privilege; which injury, the appellants say, cannot be estimated in damages. It requires no argument to prove, that the injury is greater, if the whole privilege be destroyed, than if it be divided; and so far as respects the estimate of damages, although precise accuracy may not be attained, yet a reasonable calculation may be made of the amount of the injury, so as to satisfy the court and jury. * * *

"We think it a case in which a court of equity ought to interpose, and that there are several grounds on which its jurisdiction may be placed.

"One, which appears to be ample for the purpose, is that a court will always interpose, to prevent the transfer of a specific article, which, if transferred, will be lost to the owner. Thus, the holder of negotiable securities, indorsed in the usual manner, if he has acquired them fraudulently, will be enjoined from negotiating them; because, if negotiated, the maker or indorser must pay them. Thus, too, a transfer of stock will be restrained in favor of a person having the real property in the article. In these cases, the injured party would have his remedy at law; and the probability that this remedy would be adequate, is stronger in the cases put in the books, than in this, where the sum is so greatly beyond the capacity of an ordinary agent to pay. But it is the province of a court of equity, in such cases, to arrest the injury, and prevent the wrong. The remedy is more beneficial and complete, than the law can give."

[6] This authority is that a court of equity will interpose by injunction to prevent the transfer of a specific thing, which, if transferred, will be irretrievably lost to the owner, "such as negotiable securities and stocks." This had not been departed from by the Supreme Court of the United States, in Irwin v. Dixon et al., 9 How. 10, 13 L. Ed. 25, 33; Board of Liquidation v. McComb, 92 U. S. 531, 23 L. Ed. 623, 628; Paine Lumber Co. v. Neal, 244 U. S. 459, 37 S. Ct. 718, 61 L. Ed. 1264.

[7] With this understanding of the amended bill and its respective phases of the different stock certificates, the subject-matter thereof, we should note that the grounds of demurrer assert there is no equity in the bill, the existence of laches, and an adequate remedy at law. Though respondent King was in possession of said certificates, complainant was protected in his right, title, and ownership therein by the recitation of his ownership by the stock book of the corporation. Walsh v. State ex rel. Cook, 199 Ala. 123, 74 So. 45, 2 A. L. R. 551; Oden v. Vaughn, 204 Ala. 451, 85 So. 779; Winter v. Montgomery Gaslight Co., 89 Ala. 544, 7 So. 773. And when one is in the wrongful possession of corporate certificates under purported or voidable transfers, and as transferee is duly demanding of the corporation the transfer on its books (to himself or another), a court of equity will exercise its restraining or injunctive relief and will preserve the stocks until the conflicting rights of the respective alleged parties in interest and that of the corporation in the premises are finally adjudicated and declared by appropriate orders for the production or delivery of the stock, or of its cancellation, and the due entry in the name of the rightful owner, upon the books of the corporation.

Such is the effect of the decisions in Oden v. Vaughn, supra, granting specific performance for transfer on corporation's stock book pursuant to acquired title as mortgagee, and of Osborn et al. v. Bank of the United States, 9 Wheat. 845, 6 L. Ed. 229. See, also, Reynolds v. Touzaline Co., 62 Neb. 236, 87 N. W. 24.

In Martel v. Block, 154 La. 863, 866, 98 So. 398, 400, there was a contest between rival claimants for transfer by the corporation on its books of shares of stock in question. Mr. Justice Thompson said:

"There cannot be the slightest doubt that the suit was properly brought against the defendant corporation in the parish of its domicile. Nor can there be any sort of doubt that, if the plaintiff owns the shares of stock in question, and such shares are in the illegal and wrongful possession of the defendant, as is alleged, the plaintiff has the legal right to enjoin the corporation from making a transfer of such stock on the books of the corporation, and issuing new certificates to the defendant Block."

[8, 9] The instant bill, conceding its averments of fact to be true, contained equity as to certificates Nos. 77 and 83, alleged to have been delivered without authority, or that there was a failure of consideration for the alleged transfer. Therefore respondent King's alleged wrongful possession and his unlawful demand of the corporation to transfer to him on its books said stock presented a status, if acceded to, of irretrievable loss to complainant.

[10] Supporting the insistence of complainant is the general rule that, where a mortgagee or assignee of mortgage on land purchases the premises on foreclosure for a sum equal to the mortgage note or debt and lawful expenses and charges secured thereby, this action operates as an extinguishment of the notes secured by the mortgage, and the mortgagee or assignee of the mortgage

cannot thereafter maintain an action on the note or debt. Hood v. Adams, 124 Mass. 481, 26 Am. Rep. 687; 1 Jones on Mortgages, §§ 935, 950; Koger v. Weakley, 2 Port. 516.

[11] If the foreclosure of the mortgage by sale of the real property embraced therein resulted in an extinguishment of the debt, the possession thereafter by the mortgagee of corporate stock No. 53 became unlawful or its transfer voidable, and such holder was, as a trustee for the mortgagor or the owner, charged with the duty of fairness and good faith in its execution. Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105. Hence, on the averred facts, a trial should be had as to ownership of this certificate of stock and its status quo preserved on the books of the corporation, until the true ownership thereof is determined, after full pleadings and proof.

The status of certificates Nos. 65, 66, 67 is affected by the foreclosure of the respective classes of property—certificates of stock in the corporation on the one hand, and that of the real property on the other. That foreclosure is sought to be avoided for the reasons stated in the bill—the gross inadequacy of the purchase price in proportion to the real value of the real property (exclusive of the stock) and the fact that the two classes of property were exposed to sale en masse, and not in separate and distinct parcels.

[12] In Dozier v. Farrior, 187 Ala. 181, 185, 65 So. 364, 366, it was declared:

"If the allegations of the bill are true, then personalty and lots widely separated, some of them dedicated to *separate* and *distinct* uses, were all sold by the mortgagee under the power of sale in the mortgage, at one time en masse, and by that means were caused to bring a sum much less than their real value. If this allegation is true, then equity should avoid the sale and let the complainants in to exercise their equity of redemption. Wiltsie on Mortgage Foreclosures, supra; Mahone v. Williams, 39 Ala. 202." Todd v. Interstate Co., 196 Ala. 169, 71 So. 661.

This rule was otherwise stated in Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105:

"*Mortgages—In Equity Power of Sale is a Trust.*—Though in a court of law a power of sale in a mortgage is merely part of a legal contract to be executed according to its terms, in a court of equity it has the elements of a trust, and the donee is charged with the duty of fairness and good faith in its execution, to the end that the mortgagor's property may be disposed of to his pecuniary advantage.

"*Mortgages—Sale under Power of Separate Tracts en Masse is Invalid.*—Here the mortgagee of separate tracts of land sold them en masse under his power of sale, thereby realizing a price much less than the real value, the sale will be set aside in equity, letting the mortgagor in to redeem."

See, also, Hayden v. Smith, ante, p. 428, 113 So. 293.

[13] The delay in action on complainant's part does not amount to laches apparent on the face of the bill. Bromberg v. Heyer, 69 Ala. 22; Shorter v. Smith, 56 Ala. 208; Grand Lodge v. K. of P., 174 Ala. 395, 56 So. 963. The bill sought to enjoin the disturbance of the present right or book ownership of complainant to said shares of stock. If the respondent has delayed in enforcing or insisting upon his alleged right as purchaser for the time indicated, and so allowed complainant to enjoy his right to the stock, or lull him into repose for three or four years, it is only when such alleged transferee attempts to interfere with complainant's legal right by a demand for due transfer on the part of the corporation will the time be computed against complainant as laches or as affecting the right to the transfer by the corporation. In George v. Central Railroad & Banking Co., 101 Ala. 623, 624, 14 So. 757, it is said:

"The abuses committed in the past are the very grounds and causes of their present interposition, to the end that future similar abuses may be prevented. The use of the stock is continuing, and we can conceive of no just reason why a party interested, and otherwise entitled to interfere, may not interfere, at any period of such use, and object to its continuance. As well might it be said that a person who has for a long time, suffered, without objection, continued trespasses upon his property, is obliged, by reason of his silence, to submit to all future trespasses which the wrongdoer may be disposed to commit. We hold that the right to restrain the use of the stock is not barred by acquiescence."

A guilty silence by mortgagee was the subject of Ivy v. Hood, 202 Ala. 121, 79 So. 587.

The demurrer was to the amended bill as a whole, and as such should have been overruled. We have indicated that where a bill contains several aspects, demurrer challenging any one of them should be directed specifically to such aspects (Hudson v. Hudson, 204 Ala. 75, 85 So. 282); where the demurrer was to the pleading and each count thereof separately and severally (Thompson v. Brown, 200 Ala. 382, 76 So. 298; Bank of New Brockton v. Dunnavant, 204 Ala. 636, 87 So. 105; Doty v. Pope, 213 Ala. 4, 101 So. 883).

The trial court was in error in sustaining demurrer to the bill as amended. There is equity in the bill; no bar of laches against complainant and the corporation as to transfer of the stock on the books of the corporation is shown by the bill; and the remedy at law, for an improper or unlawful transfer of the shares on the stock book of the corporation, is not plain, full, and adequate. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.