# Weatherly *v.* Medical and Surgical Society of Montgomery County.

*Application for Mandamus to Private Corporation, by Disfranchised Member.*

1. *Constitution and by-laws of private corporation; binding force of.* The constitution of an incorporated society or association, and by-laws adopted in conformity with its provisions, so far as they do not contravene any public law or principle of public policy, are a like binding on the society itself and its several individual members, however inconvenient or embarrassing they may be found in administration.

2. *Constitution of respondent society construed, as to proceedings for revision of roll of members, and business at special (or called) meetings.*—By the provisions of the constitution of the respondent society in this case, a private corporation, the business of each regular meeting is particularly specified, the first regular meeting in April being declared the "regular meeting for the revision of the roll of members by the secretary;" and it is further declared that, while the prescribed order of business "may

be suspended, at any time, by the vote of a majority of the members present at any meeting," "this shall not be construed so as to justify the introduction into any meeting of business which does not properly belong to it, and for which provision is made in this constitution." *Held*, that while the society may, at any meeting set apart for a specified purpose, suspend the prescribed order of business by the vote of a majority of the members present, and postpone the consideration of that business to a future meeting, this can be done only at the meeting for which that particular business is prescribed; that the business relating to the revision of the roll of members, being specially prescribed for the first regular meeting in April, can not lawfully be transacted at a called meeting in August, unles regularly postponed to that time at the regular meeting in April; and that the relator's name having been struck from the roll of members at the regular meeting in April, by proceedings which were held by this court to be irregular, and which were therefore set aside by its order, the society had no authority, at a called meeting in August, to strike his name from the rolls, and a *mandamus* was awarded to compel his restoration.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This was an application by Dr. J. S. Weatherly, a licensed physician, residing in the city of Montgomer, for a writ of *mandamus* to the Medical and Surgical Society of Montgomery county, a private corporation, to compel the restoration of the relator to membership and office in said society; and was filed, duly verified by affidavit, on the 19th August, 1884. The relator's name was first struck from the rolls at a regular meeting of the society held in April, 1884; but, on his application for a *mandamus*, this court, affirming the judgment of said City Court, held the proceedings irregular and unathorized, and ordered his restoration to membership.—*Med. & Surg. Society v. Weatherly*, 75 Ala. 248. The ground of that decision was, that the society had no authority, under its constitution, to drop or strike off a member's name, on revision of the roll, except by a corporate vote or act, and on the written report of the treasurer that he had failed to pay his annual dues; and the record showed that these things had not been done.

On the 18th July following, after the decision of the case by this court, Dr. Weatherly paid his annual dues to the treasurer, taking his receipt for the same. On the 4th August, 1884, a special meeting of the society was held by the call of its president, "for the purpose," as stated in the notices to members, "of carrying into effect the writ of *mandamus* served upon the society by the City Court of Montgomery, and any other business relating to the *status* of J. S. Weatherly *vs.* the society." At that meeting a resolution was passed, restoring Dr. Weatherly to the roll of members; and also another resolution, for another meeting, to be held on the next evening (August 5th), "to take further action in the case of Dr. J. S. Weatherly, and especially to hear and act upon such statements as he may de-

sire to make in regard to his failure to pay his annual dues on or before the first regular meeting of the society in April last; and that Dr. Weatherly be furnished with a copy of this resolution, and be duly summoned to attend said meeting. and show cause why his name should not be stricken from the roll of members." Dr. Weatherly appeared at that meeting, in person and by counsel, and pleaded to the jurisdiction, on the ground that the first regular meeting in April was the time fixed by the constitution for the revision of the roll, and that business could not be transacted at said special meeting. He also pleaded the payment of his dues to the treasurer, whose receipt he produced, alleging that the payment was made before any written report of his delinquency had been made by the treasurer; and, not waiving these pleas, filed an answer in writing, stating his excuse for his failure to pay his dues at the proper time. The society, by a vote of "eight to seven," as the petition alleged, overruled the plea to the jurisdiction and the plea of payment, held the answer and excuses therein alleged insufficient, and adopted a resolution again striking Dr. Weatherly's name from the roll.

The petition set forth these various proceedings, making copies thereof exhibits, and assailed the validity of the proceedings, principally, on two grounds: 1st, that the society had no jurisdiction of the business at said special meeting; and, 2d, that several members of the society, who would have voted with the minority, were not present, and were not notified of the meeting. The City Court sustained a demurrer to the petition, and its judgment is now assigned as error.

W. L. BRAGG, and H. C. TOMPKINS, for appellant.

S. F. RICE, and W. S. THORINGTON, contra.

STONE, C. J.—When a case between these parties was before us at last term (75 Ala. 248), we ruled, that mandamus would lie to compel the restoration of a member of the society, who had been expelled therefrom by an order which did not conform to the constitution and by-laws of the corporation. We held the expulsion in that case was invalid, and that Dr. Weatherly still retained his membership. This conclusion, then expressed, was based upon the requirements of the constitution the society had adopted for its government. Such societies or corporations may make their own constitution and by-laws; and so long as they remain unchanged, each member is alike bound and shielded by them. The society, too, must observe its own constitution and laws, until it changes them in legal form. Of course, such constitution and by-laws, to be

obligatory, must not contravene public law, nor any principle of public policy. No provision of the constitution or by-laws of this society is objectionable on that score. If any of them are inconvenient. or embarrassing in administration, this furnishes no excuse for disobeying them. It may suggest the expediency of their alteration.

The constitution of this incorporated society consists of 14 sections, subdivided into 64 articles. By section 5, Article 12, it is provided: "The society shall hold regular meetings, not less than one in every month, and at such stated times as may be from time to time determined by special ordinance." The petition avers that the society had adopted an ordinance, which was of force, "that no regular meetings of said society shall be held during the months of July, August, and September, in any year." This case went off in the court below on demurrer to the petition, which was admission of the truth of its material averments. The 64th article of the constitution had provided, that "the provisions of this constitution may be supplemented, from time to time, by special ordinances; and these ordinances shall have the force and effect of constitutional rules." It is thus shown that no regular meeting of the society could be holden in the month of August. Article 17 of the constitution provides: "The president shall call special meetings of the society, on the written request of three members; and, also, whenever in his judgment it may be expedient to do so." The vote, or order, expelling Dr. Weatherly from the society, was had and adopted at a called meeting held August 5th, 1884. It is contended for relator, that the society had no authority to make such order at such meeting.

Section 5, Article 13, declares, that "the last regular meeting of December of every year shall be the annual meeting for the election of officers." Article 14 declares, that "the first regular meeting in January of every year shall be the anniversary meeting of the society; the meeting for the installation of officers," etc. Article 15: "The first regular meeting in April of every year shall be the regular meeting for the revision of the roll of members. At this meeting, the treasurer shall report the names of all members whose dues for the year have not been paid, and all such shall be immediately stricken from the roll ; and furthermore, the treasurer shall be personally responsible to the society for the dues of all defaulting members not so reported." In article 16 it is provided, that "All other regular meetings shall be appropriated to such business and discussions as the seciety may from time to time determine."

For relator it is contended, that the provisions of Article 15, so far as the same relate to the time when such action can be had, are mandatory, and can not take place at any other

meeting. In support of this it is urged, that the proceeding is highly. penal, and must be strictly followed.—*Treasurer v. Higgins*, 8 Ala. 440; *Thames Man. Co. v. Lathrop*, 7 Conn. 550; *Sherwood v. Reade*, 7 Hill, 431: Sedgwick Stat. & Con. Law, 302; *State Auditor v. Jackson County*, 65 Ala. 142. Against this view it is urged, that the provisions as to time are merely directory, and the revision of the roll may take place at any later meeting. This question was not raised on the former appeal, and as to it we then decided nothing.

We need not, and do not, now decide what would be our ruling, if the provisions of the constitution, copied above, stood alone for our guide. They do not stand alone. Section 14 of the constitution prescribes "The order of business," for certain named monthly meetings. Article 57 declares the order of business at the last regular meeting in December—the meeting for the election of officers. Article 58 prescribes the order of business for the first regular meeting in January—the meeting at which the officers are installed. Article 59 declares the order of business at the first regular meeting in April, and among them is the "Revision of the Roll by the Secretary." This is found in no other order of business. There is then given, in articles 60 and 61, orders of business for the remaining regular meetings, and for the called meetings; in neither of which is any reference made to the election of officers, to their installation, nor to the revision of the roll by the secretary. Article 63 is in the following language: "Any of the orders of business specified in this section" [section 14, in which are all the directions relating to the order of business], "may be suspended at any time by the vote of the majority of members present at any meeting. But this article shall not be construed so as to justify the introduction into any meeting of business which does not properly belong to it, and for which special provision is made in this constitution."

Under the article last copied, it was competent for the society, at any of the meetings set apart for a specified purpose, to suspend the order of business, by the vote of a majority of the members present. To accomplish this, however, the vote must have been taken at the meeting, which had been set apart for the consideration of that particular business. To illustrate: During the last regular meeting in December, the society, by a vote, may suspend the election. So, during the first regular meeting in April, by a like vote, it may suspend the revision of the roll of members. But, if not suspended during the term appointed for its consideration, can it be considered afterwards? The article under discussion answers the question. It declares two limitations on this right of suspension. The first prohibits the introduction into any meeting of

[Central R. R. & Banking Co. v. Smith.]

business which does not belong to it. The treasurer's report of members in arrears, and revision of the roll by the secretary, are not named in the order of business for called meetings, and, therefore, they can not be said to belong to a called meeting. It would seem that business which belongs to the first regular meeting in April, can not belong to a called meeting in August, unless there was a vote taken at such regular meeting in April, suspending the order of business for that session. The second limitation is more emphatic. It forbids the introduction of business at one meeting for which special provision is made in the constitution for another meeting. Now, special provision is made in the constitution for revision of the roll of members, at the first regular meeting in April; and this service not belonging to a called meeting in August, it falls directly within the prohibition expressed in section 63 of the constitution. The society had no authority to consider the question of the revision of the roll of members, except at the first regular meeting in April, unless there had been a suspension of that order, by a vote taken during such first regular meeting in April; and even then it would be irregular to consider the question at a called meeting, unless the consideration had been suspended and adjourned from the regular meeting to such called meeting. The result is, the relator is entitled to the relief he prays for.

It is ordered that a copy of this opinion be certified to the Medical and Surgical Society of Montgomery County, Alabama; and unless the order heretofore made by said society, expelling the relator, J. S. Weatherly, from membership, be rescinded, and he be restored within forty days after the making of this order, a peremptory writ of *mandamus* will be awarded. Let the cost of this proceeding in the court below, and in this court, be paid by the respondent society.

CLOPTON, J., not sitting.