14 So.2d 225

## CHAPMAN et al. v. AMERICAN LEGION et al.

### 6 Div. 110.

Supreme Court of Alabama.

June 10, 1943.

Rehearing Denied June 30, 1943.

554

Richard T. Rives, Judge Advocate, of American Legion, Department of Alabama, and Hill, Hill, Whiting & Rives, all of Montgomery, for appellees.

Horace C. Alford, of Birmingham, for appellants.

THOMAS, Justice.

The petition sought mandamus to be directed to the American Legion and officials thereof. The sufficiency of the pleading was challenged by demurrer which was sustained and superinduced an involuntary nonsuit, from which ruling the appeal is taken to this court.

Aside from preliminary questions presented in oral argument and on this appeal touching the question of misjoinder of parties and the choice of proper remedies, we will proceed to a consideration of the merits of the cause.

■■ The inquiry is whether there was a violation of any legal right of any of the petitioning complainants—appellants here. It was suggested in argument that the only provisions of the Constitution of the United States which might have application are the First and Fourteenth Amendments. We will dismiss this controversy by saying that the First amendment is a limitation upon the Federal government and has no application to this action. The Fourteenth amendment refers to state action in its provision that, "No *state* shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any *state* deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Code of Alabama, Vol. 1, pp. 11 and 14, Constitution of the United States.

It is observed from this pleading that no state or governmental action or nonaction is complained of by the parties appellant.

By the Act of Congress, September 16, 1919, c. 59, § 1, 41 Stat. 284 and 285, the American Legion was created. Section 41 of 36 U.S.C.A. reads in part as follows: "§ 41. *Corporation created; incorporators; name.* That the following persons, to wit: William S. Beam, of North Carolina; * * * John W. Inzer, of Alabama; * * * Mathew H. Murphy, of Alabama; * * * Robert R. Landon, of the Philippine Islands; *and such persons as may be chosen who are members of* the 'American Legion', an unincorporated patriotic society of the soldiers, sailors, and marines of the Great War, 1917-1918, known as the 'American Legion', and their successors, are hereby created and declared to be a body corporate. The name of this corporation shall be 'The American Legion.' Sept. 16, 1919, c. 59, § 1, 41 Stat. 284." (Italics supplied.)

In Section 43 the declared purpose of the corporation is set out: "§ 43. *Purposes of corporation.* The purpose of the corporation shall be: To promote peace and good will among the peoples of the United States and all the nations of the earth; to preserve the memories and incidents of the Great War of 1917-1918; to cement the ties of love and comradeship born of service; and to consecrate the efforts of its members to mutual helpfulness and service to their country. Sept. 16, 1919, c. 59, § 3, 41 Stat. 285."

The powers of the corporation, as contained in Section 44, are as follows: "§ 44. *Powers of corporation.* The corporation hereby created shall have the following powers: To have perpetual succession with power to sue and be sued in courts of law and equity; to receive, hold, own, use, and dispose of such real estate and personal property as shall be necessary for its corporate purposes; to adopt a corporate seal and alter the same at pleasure; to adopt a constitution, by-laws, and regulations to carry out its purposes, not inconsistent with the laws of the United States or of any State; to use in carrying out the purposes of the corporation such emblems and badges as it may adopt; to establish and maintain offices for the conduct of its business; to establish State and Territorial organizations and local chapter or post organizations; to publish a magazine or other publications, and generally to do any and all such acts and things as may be necessary and proper in carrying into effect the purposes of the corporation. Sept. 16, 1919, c. 59, § 4, 41 Stat. 285."

The corporation being a voluntary one, Section 45 prescribes the persons eligible for membership as follows: "§ 45. *Persons eligible to membership.* No person shall be a member of this corporation unless he served in the naval or military service of the United States at some time during the period between April 6, 1917, and November 11, 1918, both dates inclusive, or who, being citizens of the United States at the time of enlistment, served in the military or naval services of any of the Governments associated with the United States during the Great War. Sept. 16, 1919, c. 59, § 5, 41 Stat. 285."

■ It is insisted by appellees' counsel that Section 45 was not to the effect that every person with the requisite naval and military service record shall upon application become a member of the American Legion so incorporated. The simple wording is to the effect that no person shall be a member unless he has the requisite naval and/or military service record. The act of incorporation does not say that every person who has the necessary qualifications shall become a member of the American Legion. Membership in the organization is entirely voluntary as to its incorporated membership and their associate members. This is the construction placed upon the Act of Congress by the members and officers of the American Legion.

Article IV of the American Legion National Constitution, Section 1, prescribes the eligibility for membership in the corporation substantially the same as the Act of Congress, but adds thereto the following requirements: "Section 1. Any person shall be eligible for membership in The American Legion who was regularly enlisted, drafted, or inducted or commissioned and who was accepted for and assigned to active duty in the army, navy, marine corps or coast guard of the United States * * *; provided that no person shall be entitled to membership (a) who, being in the army, navy, marine corps, or coast guard of the United States during said period refused on conscientious, political or other grounds, to subject himself to military discipline or unqualified service; or (b) who, being in such service, was separated therefrom under circumstances amounting to dishonorable discharge and has not subsequently been officially restored to an honorable status."

In other words, though certain service men may be eligible to membership under the Act of Congress creating the organization, the corporation itself has the right to determine (and does do so) whether or not any person may be elected to membership in the American Legion, limiting membership in the respects indicated in its Constitution and By-laws.

Congress has amended Section 45 of Title 36 of the United States Code, section 45 of 36 U.S.C.A. so as to read as follows: "No person shall be a member of this corporation unless he served in the naval or military service of the United States at some time during the period between April 6, 1917, and November 11, 1918, * * * or during the period between December 7, 1941, and the date of cessation of hostilities as fixed by the United States Government, all dates inclusive, or who, being citizens of the United States at the time of enlistment, served in the military or naval services of any of the governments associated with the United States during either of said World Wars: Provided, however, That such person shall have an honorable discharge or separation from such service or continue to serve honorably after the date of cessation of such hostilities as determined herein." Chap. 633, 2nd Sess. [Public Law 767, 77th Congress] approved Oct. 29, 1942.

It is thus apparent that the requirements for eligibility stated in the National Constitution of the American Legion are more limited than as prescribed in the amended Act of Congress. Under its powers the American Legion excludes from membership persons who refuse on conscientious, political or other grounds to subject themselves to military discipline or unqualified service as an eligibility requirement added to that prescribed by the Act of Congress indicated above.

The pleading before us indicates that Article IV of the By-laws of the American Legion prescribes in Section 1 that, "Each post of the American Legion shall be the judge of its own membership, subject to the restrictions of the constitutions and by-laws." This pleading further indicates that the National Judge Advocate, Ralph B. Gregg, has interpreted the constitution of the organization to be that, "While a person may be eligible for membership in the American Legion, a Post would have the right to reject his application, as eligibility and acceptability are not synonymous."

It follows from the foregoing that the American Legion was incorporated as and is a voluntary association of the class indicated by the Act of Congress and its constitution and by-laws thereunder, and membership therein is not an absolute right, but the respective posts have the authority to refuse an application without assigning reasons therefor. The Act of Congress and the Constitution and By-laws of the organization do not contain a mandatory but a permissive authority in the matter as to respective posts or memberships therein. It follows from this that the respective posts, being the sole judges under the articles of incorporation, constitution and by-laws, have the right to refuse an application for a post or for membership therein though the party applying therefor might possess all of the elements of eligibility required.

In 7 C. J. S., Associations, p. 56, § 23, the rule of many jurisdictions is stated as follows:

"The grant or refusal of membership in a voluntary association is a matter within the complete control of the organization, which has the power to enact laws governing the admission of members, and to place restrictions on the right of admission.

"In other words, membership is a privilege which the society may accord or withhold at its pleasure, and a court of equity

will not interfere to compel the admission of a person not regularly elected, even though the arbitrary rejection of the candidate may prejudice his material interests, where no rights of property or of person are affected, and no rights of citizenship are infringed on.

"Where, however, one has been duly elected to membership in an association, but is arbitrarily denied admission, he acquires a legal right to membership which may be enforced by the appropriate remedy, as by mandamus, the availability of which writ in such cases being reserved for consideration in § 238 of the title Mandamus (38 C. J. p. 824 note 49-p 825 note 65)."

In Mayer v. Journeymen Stone-Cutters' Association, 47 N.J. Eq. 519, 524, 20 A. 492, 494, Green V. C. said: "These organizations are formed for purposes mutually agreed upon; their right to make by-laws and rules for the admission of members and the transaction of business is unquestionable. They may require such qualifications for membership, and such formalities of election, as they choose. They may restrict membership to the original promoters, or limit the number to be thereafter admitted. The very idea of such organizations is association mutually acceptable, or in accordance with regulations agreed upon. A power to require the admission of a person in any way objectionable to the society is repugnant to the scheme of its organization. While courts have interfered to inquire into and restrain the action of such societies in the attempted exclusion of persons who have been regularly admitted to membership, no case can, I think, be found where the power of any court has been exercised, as sought in this case, to require the admission of any person to original membership in any such voluntary association. Courts exist to protect rights, and where the right has once attached they will interfere to prevent its violation; but no person has any abstract right to be admitted to such membership. That depends solely upon the action of the society, exercised in accordance with its regulations, and, until so admitted, no right exists which the courts can be called upon to protect or enforce."

The rule prescribed by the foregoing authority is applicable whether the association be incorporated or unincorporated unless the statute imposes a clear obligation on the corporation to admit certain persons to membership. See 34 Am.Juris., p. 884, § 98; 4 Am.Juris. p. 456, § 2; 7 C. J. S. Associations, p. 19, § 1-a, p. 21, § 1-c; 5 C.J. p. 1333.

As said in 18 C.J.S., Corporations, p. 1149, § 478: "A court has no power to compel a corporation to admit a person to membership against the will of those whose consent is, according to the charter or an authorized by-law essential to the eligibility of applicant." See, also, 14 C.J. p. 838, § 1274.

It follows from the foregoing that no error was committed by the trial court in ruling on demurrer that superinduced the voluntary nonsuit from which the appeal is taken.

The foregoing applies to the petitioning members of the Macon County Post for an additional Post Charter in Birmingham and its denial by the appropriate authorities.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.