16 So.2d 321

**MEDICAL SOC. OF MOBILE COUNTY et al. v. WALKER.**

I Div. 202.

Supreme Court of Alabama.

Jan. 13, 1944.

Wm. N. McQueen, Acting Atty. Gen., and Furman Smith, Asst. Atty. Gen., for appellants.

D. R. Coley, Jr., of Mobile, for appellee.

LIVINGSTON, Justice.

Complainant is a member in good standing of the Medical Society of Mobile County, a voluntary non-profit corporate organization of licensed physicians of Mobile County, Alabama, organized and existing under the laws of the state of Alabama, for the purpose of promoting the general welfare of the members of the society, and in order to develop and foster a feeling of fraternity among its members, and to establish a high standard of professional ethics.

The bill of complaint seeks to restrain Dr. W. W. Scales, as secretary of the society, from enrolling Dr. Virginia E. Webb and Dr. John H. Greene as members of the society, and to restrain the society from recognizing or seating doctors Webb and Greene as members of the society until and unless they shall have been duly elected pursuant to the provisions of the constitution of said society.

The bill alleges that the society has adopted a constitution and a system of by-laws; that it is provided in said constitution, among other things, as follows:

"Art. 5. Application for membership shall be made in writing and shall be accompanied by the amount of annual dues. Said application shall be endorsed by at least two members of the society, the endorsers being understood as certifying to the reputable character—personal and professional—of the applicant.

"Art. 6. The vote upon the admission of an applicant shall be by ballot, and shall be taken at the regular meeting next succeeding that at which the applicant was submitted. Three adverse votes shall reject the applicant. The secretary shall notify the applicant in writing as to the result of his application."

The bill further alleges:

"Fourth: That the applications for membership in said Medical Society of Mobile County on behalf of Dr. Virginia E. Webb and Dr. John H. Greene were duly presented to said society in accordance with the provisions of Article 5, section 3 of the constitution, and on, to-wit, April 17th, 1943,—the regular meeting next succeeding that at which the applications were submitted—a vote upon said applications was had by ballot, all as provided in Article 6, section 3 of the constitution.

"Fifth: That upon said ballot more than three adverse votes were cast against the admission of said applicants to membership in the said society.

"Sixth: That notwithstanding the provisions of the constitution as aforesaid and the action by the Medical Society of Mobile County rejecting the applications of said Dr. Virginia E. Webb and Dr. John H. Greene for membership, complainant is informed and alleges that Dr. W. W. Scales, secretary of the Medical Society of Mobile County, Alabama, has enrolled said applicants as members of said society or intends to do so at the regular meeting of

said society on the third Saturday of May, 1943, and that the Medical Society of Mobile County intends to recognize said applicants as members of said society at the regular meeting of said society on the third Saturday of May, 1943, unless they be restrained from so doing by this court.

"Seventh: Complainant further says that he is informed and alleges that the said Dr. W. W. Scales, as secretary, intends to enroll as members of said society and said Medical Society of Mobile County, its officers and members, expects to recognize as members thereof others who may make application for membership therein and who will not be duly elected as members pursuant to provisions of section 3 of the constitution of said society.

"Eighth: Complainant shows that as a member of said society in good standing, he has the right to insist that the membership of said society be chosen as provided by said constitution; that he has no means of redress under the constitution of said society other than he has exercised, and that unless the said Dr. W. W. Scales is enjoined from enrolling the said applicants as members and the society from recognizing them as members, he will be deprived of a substantial right guaranteed to him by the provisions of the constitution of said society."

Demurrers to the bill were overruled, hence this appeal.

A consideration of the statutes which create the State Board of Health and the county boards of health disclose that the Medical Association of the state of Alabama and the Medical Society of Mobile County, as such, are not invested with any power or authority whatever in respect to the health laws of the State. Title 22, Chapters 1 and 2, Code of 1940; see, also, Parke v. Bradley, 204 Ala. 455, 86 So. 28.

We take judicial notice of the existence of the Medical Association of the state of Alabama and of the Medical Society of Mobile County, but not of their constitutions, by-laws, rules and regulations. 31 Corpus Juris Secundum, Evidence, §§ 89, 90, 91, pp. 684, 687. They are but voluntary associations incorporated under the laws of this State.

Membership in a voluntary association is a privilege which may be accorded or withheld, and not a right which can be gained independently and then enforced. The courts cannot compel the admission of an individual into such an association, and if his application is refused, he is entirely without legal remedy, no matter how arbitrary or unjust may be his exclusion. Societies of the sort here considered have the right to make their own rules upon the subject of admission or exclusion of members, and these rules may be considered as articles of agreement, to which all who are members become parties. 4 Amer.Jur. sections 11, 12 and 13, page 462. Chapman v. American Legion, Ala.Sup., 14 So.2d 225, 147 A.L.R. 585 and note.[1] They may make their own constitution and by-laws; and so long as they remain unchanged, each member is alike bound and shielded by them. The society too must observe its own constitution and by-laws until it changes them in legal form. Of course such constitution and by-laws, to be obligatory, must not contravene public law, nor any principle of public policy. Weatherly v. Medical & Surgical Society of Montgomery County, 76 Ala. 567.

The Weatherly case, supra, was twice before this court. The opinion of the court on the first appeal is reported in 75 Ala. 248, in which touching the question of the propriety of the writ of mandamus as an appropriate remedy for the wrongful disfranchisement or amotion of a corporator, and to restore him to the enjoyment of a franchise of which he has been illegally deprived, it was said: "We can entertain no doubt of the jurisdiction of the courts of this State to interfere, in all proper cases, by mandamus, as an appropriate remedy for the wrongful disfranchisement or amotion of a corporator, and to restore him to the enjoyment of a franchise of which he has been illegally deprived. This right of supervision over bodies corporate is one of great antiquity in our law, and is regarded as derived from the visitorial power, always impliedly reserved by the Sovereign or the State in granting corporate charters, and which is exercised through the courts of common law jurisdiction. High on Extr.Rem. §§ 291, 293. The modern and better view is, that this right of judicial visitation is not confined to public corporations, but extends as well to those of a purely private nature. Nor is it limited to such as are organized strictly for business purposes, or pecuniary profit, but is

---

[1] 244 Ala. 553.

made applicable also to corporations formed for eleemosynary, religious, scientific, or other like purposes.—Angell & Ames' Corp. § 704; State v. Milwaukee Chamber of Commerce, 47 Wis. 670, 3 N.W. 760. The King, under our ancient law, was the legally constituted visitor of all corporations, whose franchises may have been granted to subjects by his grace and authority, a jurisdiction, which was exercised through the medium of the courts, and the chief function of which was 'to render their charters, or constitutions, ordinances and by-laws of perfect obligation, and generally to maintain their peace and good government.'—Angell & Ames' Corp. (11th Ed.) § 684; 2 Kent.Com. 300. The just reason is that a corporate franchise is property, incorporeal, it is true, but deemed none the less valuable in the eye of the law. Each individual member, as remarked by Sir William Blackstone, is said in such cases to be the owner of the franchise, and his privilege of membership, we may add on high authority, is, therefore, properly subject to the protection of the courts as valuable, although it may have no actual market value.—2 Black.Com. 37; State v. Georgia Medical Society, 38 Ga. 608, 95 Am.Dec. 408; Moses on Mandamus, p. 184; [Trustees of] Dartmouth College v. Woodward, 4 Wheat. 518, 4 L.Ed. 629.

"The purposes for which this jurisdiction is commonly exercised is left in no doubt by the authorities. In High on Extraordinary Remedies, § 294, it is said to be now a well established rule, that 'mandamus will lie to restore to his corporate rights a member of a corporation who has been improperly disfranchised or irregularly removed from his connection with the corporation. And while the court will not inquire into the merits of the decision of corporate authorities in expelling or removing a corporator in the regular course of proceedings, yet, if the amotion has been conducted without due authority, the courts will interfere by mandamus to compel the restoration of the member to his corporate franchise.' The same rule is declared, in substance, in Angell & Ames on Corporations (11th Ed.), § 695, where it is said that this jurisdiction will be exercised for compelling corporations generally 'to observe the ordinances of their constitution, and to respect the rights of those entitled to participate in their privileges.' 'If a corporator has been unjustly or irregularly amoved or suspended from his office, or disfranchised, the court', it is added, 'will grant mandamus to restore him.'—Ib. § 704. By a more recent writer of respectable authority, the doctrine is stated as follows: 'A mandamus will issue in all cases to compel a corporation, or any particular officer, to perform any plain duty required by law in favor of a member or other interested party, whether such duty is imposed either by statute, charter, custom or contract.'—Woods' Field on Corp. § 462. In the light of these authorities, and the numberless adjudged cases upon which they are predicated, and by which they are fully sustained, we think the rule may be regarded as firmly established, that, in every case of the disfranchisement of a corporator, the courts will entertain jurisdiction to restore him by mandamus, where the cause or ground of disfranchisement is legally insufficient, or where the proceedings by which it has been attempted are irregular, according to, or as tested by the charter or by-laws of the corporation. But no inquiry will be made into the merits of what has been regularly done by due course of proceeding.—Com. v. German Society, 15 Pa. 251. The aim of the courts, as said by Mr. Justice Sergeant, in Commonwealth v. Pike Beneficial Society, 8 Watts & S., Pa., 247, is to preserve corporate tribunals 'in the line of order, and to correct abuses.'—High on Extr.Rem. §§ 294, 297–304; Woods' Field Corp. § 462; Angell & Ames' Corp. (11th Ed.) § 704."

We are cited to no adjudicated case, nor has our search revealed one, in which injunctive relief was sought to prevent an association of the kind here involved from violating the express provisions of its constitution in respect to the selection of its members. But that such relief is available is clearly indicated in the Weatherly case, 76 Ala. 567. There, this court, speaking through Chief Justice Stone, said: "The society, too, must observe its own constitution and laws, until it changes them in legal form."

Mandamus is a proper remedy to correct the wrong of illegal expulsion from the society, illegal because done in violation of the constitution, by-laws, rules and regulations of the society. We can see no reason for withholding injunctive relief against the anticipated violation of the constitution in the present case. In the one case, the illegal act has been accomplished and mandamus is the proper remedy to undo the wrong. In the other, the

illegal act is only threatened, and mandamus will not lie.

As is said in 28 Amer.Jur. section 78, page 272: "The equitable remedy of specific performance and that by injunction against breach of a contract have much in common, * * * the jurisdiction exercised is in substance the same, and the general rules apply in the one case as in the other. Generally, an injunction to restrain a breach of contract operates as, and affects all the purposes of, a decree for specific performance. It is one of the methods for the enforcement of contracts, and if the contract is one which would ordinarily be specifically enforced, an injunction may be awarded where this is the most appropriate form of relief."

Ordinarily a court of equity will not interfere with the internal affairs of a voluntary association, or assume jurisdiction to restrain its acts done or attempted in accordance with its rules and within the scope of its powers. On the other hand, if the act complained of is unauthorized or unlawful and occasions irreparable injury to the complainant member for which there is no adequate and complete remedy at law, equitable relief by way of injunction will be granted. 28 Amer.Jur. section 161, page 351.

But it is earnestly insisted that irreparable injury is not here shown.

It is perfectly clear that the threatened acts of the respondents are unauthorized, unlawful and in direct violation of the constitution of the society. As above pointed out, this court has ruled to the effect that complainant's membership in the Medical Society of Mobile County is a property right of value; that the constitution of the society is a contract between its members, and one that the society itself must observe until changed in legal form.

A court of equity will endeavor to the extent of its powers to bind men's conscience so far as they can be bound to a true and literal performance of their agreements, and will not suffer them to depart from their contracts at pleasure, leaving the party with whom they have contracted to the mere chance of any damage which a jury may assess. The matter is discretionary with the courts, and it is not perhaps possible, nor is it necessary, to reconcile the decisions, and the courts regard it as unwise, even if it were possible, to promulgate or declare unchangeable rules to govern all cases. The matter must depend to a large extent upon the facts and circumstances of each case.

As ordinarily understood, an injury is irreparable, within the law of injunctions, where it is of such a character that a fair and reasonable redress may not be had in a court of law, so that to refuse the injunction would be a denial of justice. 28 Amer.Jur. section 48, page 244.

In respect to its membership, the proposed procedure on the part of respondents, amounts to a complete destruction of the constitution of the society, and opens the door to the destruction of complainant's every right in it. In our opinion, there is no adequate remedy at law, and under the allegations of the bill injunctive relief should be granted.

It is also insisted that complainant must first exhaust all remedies provided within the organization before appealing to the courts.

The action complained of shows a threatened violation of the constitution of the society, in consequence of which there can be no redress, except by resort to legal remedies. Where the threatened procedure is irregular and without jurisdiction, the member aggrieved thereby may seek judicial redress by a direct appeal to the courts in the first instance. 7 Corpus Juris Secundum, Associations, pp. 81, 82, § 34 (b); Rueb v. Rehder, 24 N.M. 534, 174 P. 992, 1 A.L.R. 423; Irwin v. Possehl, 143 Misc. 855, 257 N.Y.S. 597. This insistence is without merit.

Drs. Webb and Greene are not members of the Medical Society of Mobile County; nor do they have any legal right to become members. They have no legal or equitable interest in the outcome of this suit, and, in our opinion, are not necessary parties to it.

We have examined the other grounds of demurrer, and feel that they do not warrant special consideration.

The writer, with whom Justices THOMAS and BOULDIN agree, are of the opinion there was no error in overruling the demurrer to the bill of complaint.

Chief Justice GARDNER and Justices BROWN, FOSTER and STAKELY are of the opinion that the demurrer should be sustained on the ground that Drs. Webb and Greene are necessary par-

ties, since it is their view that "the court [should] not interfere in a case involving in a collateral manner the right of parties who have no opportunity of defending their interest." Taylor v. Kolb, 100 Ala. 603, 13 So. 779, 780; Ex parte Du Bose, 54 Ala. 278; Turnipseed v. Blan, 226 Ala. 549, 148 So. 116.

Justices BROWN, FOSTER and STAKELY think that the other grounds of demurrer are not well taken, and agree with the opinion of Justice LIVINGSTON in all other respects.

Chief Justice GARDNER expresses for himself his views in other respects.

For the error above pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN, FOSTER, and STAKELY, JJ., concur.

THOMAS, BOULDIN, and LIVINGSTON, JJ., dissent.

GARDNER, Chief Justice (concurring specially).

Though I am in agreement with the view the bill was subject to demurrer for want of necessary parties, I am also persuaded the ground of demurrer taking the point complainant shows no injury to himself is well taken, and presents a more fundamental reason for reversal of the cause.

Construing, as we must, the bill most strongly against the pleader, it is properly to be interpreted as disclosing the two physicians here involved are reputable and in every way worthy of membership in the county association, and in no wise objectionable, either to the association or to this complainant; that the county association desires their membership, and that their admission will not affect this complainant, either in property, income, or personal feelings; that he will exercise the same rights as heretofore enjoyed as a member of the association. So viewed, it appears to be plain enough that so far as the averments of this bill are concerned, complainant is seeking the enforcement of a mere abstract right. Certainly, there is no indication of any substantial and irreparable injury to himself.

It is uniformly recognized that injunctive relief is to be awarded only in clear cases reasonably free from doubt and when necessary to prevent great and irreparable injury. A court of equity will not issue an injunction where only abstract rights are involved. "In judicial proceedings no one can be heard to complain unless he can show that he has been injured." 28 Am. Jur. 220. And again on page 221 of the same text: "It is a familiar principle that the remedy is available only where the injury is actual or positive and substantial and is irremediable at law."

That mere abstract rights are not protected was pointed out in Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574; and that the rights to be protected must be substantial ones was likewise noted in City of Mobile v. Farrell, 229 Ala. 582, 158 So. 539.

Perhaps one of the strongest illustrations of these principles is to be found in the case of Crump Co. v. Lindsay, Inc., 130 Va. 144, 107 S.E. 679, 685, 17 A.L.R. 747. There it was observed: "An injury which is thus manifestly a mere state of mind, as to which no actual damages can be even alleged, does not afford ground for equitable intervention or relief."

And in the special concurring opinion is the additional language: 'However without right the conduct of a defendant may be, substantial injury threatened to the complainant is essential, in such a case as that before us, in order to invoke the exercise of the jurisdiction of a court of equity to grant injunctive relief to the complainant. It is at this point that the Crump Company fails to make out its case. It has failed to show that the aforesaid unfair conduct of the defendant, Lindsay Company, in any way threatens it with substantial injury."

We direct attention to this case and those cited in the note as furnishing very strong illustrations upon the principle which I consider applicable here. As I view it, complainant is seeking merely the assertion of an abstract right—that and nothing more.

THOMAS, Justice (dissenting).

Being in full accord with the treatment given in this case by Mr. Justice LIVINGSTON, I wish to add that the rule of this class of cases (Weatherly v. Medical & Surgical Society of Montgomery County, 76 Ala. 567, and Chapman v. American Legion, Ala.Sup., 14 So.2d 225, 147 A.L.

R. 585 [1]) are not subject to the rule as to necessary parties indicated in the opinion of the majority. The difference between proper parties and necessary parties to a bill is well recognized by all the courts. If a proper party conceives that his rights are being dealt with, a remedy is by way of intervention.

