## GOLD KNOB OUTDOOR ADVERTISING CO. v. OUTDOOR ADVERTISING ASS'N OF TEXAS, Inc.

### No. 6465.

Court of Civil Appeals of Texas. Texarkana.

Sept 2, 1949.

Rehearing Denied Oct. 20, 1949.

Pollard, Lawrence, Reeves & Jarrel, Tyler, for appellant.

Ramey, Calhoun, Marsh, Brelsford & Sheehy, Tyler, for appellee.

HALL, Chief Justice.

This is an appeal from an order of the District Court of Smith County, sustaining appellee's plea of privilege to be sued in Bexar County, its residence.

By point one appellant asserts that the trial court erred in holding "that appellant has no cause of action to require appellee to admit appellant to membership in appellee."

By point five appellant contends that the trial court erred in holding "that the constitution and by-laws of appellee operate to confer rights and privileges upon members of the appellee * * * but they do not operate to confer any rights or privileges upon appellant."

These two points constitute the controlling issue here.

The main cause out of which the plea of privilege grows is one for mandamus filed

in Smith County by appellant, seeking to compel appellee to admit appellant to membership in its organization. Appellant alleged that it had met all the requirements set out in the constitution and by-laws of appellee and was entitled to be admitted to membership in its organization; that appellant "notified appellee of its desire to become a member thereof and requested appellee to forward to appellant application forms required to be completed by appellant as a condition to becoming an active member of the appellee." Pursuant to such request, and on or about the 9th day of January, 1942, appellant received two application forms. Appellant was unable to complete and file the application for the reason that it could not secure the signatures of two active members of appellee endorsing its application as required by the application blank. No such requirement of endorsement is contained in the constitution and by-laws of appellee.

The trial judge found that appellee "is a voluntary non-profit association, incorporated under the laws of the State of Texas." It is an association of persons in the State of Texas engaged in the business of posting outdoor advertising. Appellant is engaged in the same character of business in Smith and adjacent counties, and has continuously since 1941 sought membership in appellee association, but has been unable to secure the proper endorsements of its application or to secure a waiver from appellee of this requirement.

Appellant contends that it was legally entitled to membership in appellee association when it made application in compliance with appellee's constitution and by-laws. The trial court concluded as a matter of law that "the constitution and by-laws of defendant (appellee) association operate to confer rights and privileges upon members of the association and to limit or qualify rights and privileges of such members, but they do not operate to confer any rights or privileges upon plaintiff (appellant)—a non-member * * *" We agree with this conclusion. Until appellant became a member of appellee, a voluntary association, no legal rights were conferred

upon it by virtue of the constitution and by-laws of appellee.

■■ Appellee had the right to accept appellant to membership in its organization, or to refuse to accept it as a member. Most, if not all, of the authorities cited by appellee have to do with the legal rights and liabilities of members of an organization, and it is quite generally held by the courts in the various states that a member of an organization has recourse to the courts when the organization invades his rights. A different rule applies to a non-member. In 4 Am.Jur., 462, Sec. 11, it is said: "Membership in a voluntary association is a privilege which may be accorded or withheld and not a right which can be gained independently and then enforced. The courts cannot compel the admission of an individual into such an association, and if his application is refused he is entirely without legal remedy, no matter how arbitrary or unjust may be his exclusion."

And this is true whether the association is incorporated or unincorporated. Chapman v. American Legion, 244 Ala. 553, 14 So.2d 225, 147 A.L.R. 585. "As a general rule, admission to membership in a voluntary association is a matter within the complete and exclusive jurisdiction of the association." 7 C.J.S., Associations § 23, page 56.

Harris v. Thomas, Tex.Civ.App., 217 S. W. 1068; Manning v. San Antonio Club, 63 Tex. 166, 51 Am.Rep. 639; Cline v. Ins. Exchange of Houston, 140 Tex. 175, 166 S.W.2d 677, and authorities there cited.

The following quotation from appellee's brief, we think, is very pertinent here: "A non-member is not subject to the constitution and by-laws of the association, and if not subject to them it would be strange if the law permitted him to base any claim of right upon the provisions of the constitution and by-laws. A non-member must have a right to become a member in order to enforce it by suit and such right could not exist in the absence of some contract or statute giving the right. There is no pretense of either, of course, in the present case. Appellant had no contract with ap-

pellee association, entitling it to become a member. Certainly there is no statute which says that appellee has a right to become a member of appellee association."

No legal right of appellant being violated, it follows as a matter of course, that it is not entitled to the remedy of mandamus to compel appellee to accept appellant as a member of its association.

In our opinion, the record in this case does not show any cause of action in favor of appellant against appellee, and for this reason Article 1995, Sec. 23, Vernon's Annotated Civil Statutes of Texas, does not operate to fix the venue of the mandamus action outside the county of appellee's residence. Therefore the judgment of the trial court is in all things affirmed.