Appeal by members of the City Council of the City of Prichard from an order enjoining them from conducting the business of the City of Prichard in a certain specified manner. We affirm.
The action originated with a complaint filed by the Mayor of the City of Prichard, in his capacity as mayor and as a citizen. He sought declaratory and other general equitable relief to determine whether the members of the city council could conduct the business of the city "by means of letters signed by at least three (3) of the five (5) Councilmen in non-emergency situations."
This conduct of government by correspondence, as it were, arises from the fact that matters requiring action surfaced between the bi-weekly meetings of the council. In such cases three or more of the five council members signed a letter of authorization, following which the action proceeded, with a general ratification of such action occurring at the next council meeting. The trial court enjoined the practice we have described.
In the court below and on appeal the defendant councilmen have attacked the standing of the plaintiff-mayor to bring this action, and have contended as well that no injury has occurred to justify the injunctive relief which the trial court granted. We have limited our review to those contentions and find no merit in either ground.
The complaint describes the plaintiff as the duly elected Mayor of the City of Prichard and as a citizen of Mobile County. *Page 441 
We judicially know that Prichard is located in Mobile County. As mayor Cooper is the chief executive officer of the city, Tit. 37, § 441, Alabama Code (Recomp. 1958) (now Code of Ala.
1975, § 11-43-81) with numerous statutory duties and responsibilities. See generally Tit. 37, §§ 441-445, AlabamaCode, supra (now Code of Ala. 1975, § 11-43-81 through §11-43-85). Bearing such affirmative responsibilities, the mayor is a real party in interest when he, as a public officer, is confronted with questions concerning his duty under statutory law. This is particularly true when those questions are controverted by other city officials who interpret their own statutory responsibilities in a manner which might make his own actions either inconsistent with his legal duties or subject to legal challenge. Curry v. Woodstock Slag Corp., 242 Ala. 379,6 So.2d 479 (1942). If, as chief executive officer of the municipality, the mayor is to carry out the legislative decisions of the council certainly he has standing to inquire by a declaratory judgment proceeding whether those decisions are legally made.
 Official action, done or threatened, challenged as unlawful, a usurpation of official power, whether lack of authority appears in the terms of the statutes, . . are said to be determinable in this manner [by declaratory judgment] rather than force the parties to seek injunctive relief,. . . . Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273 (1936).
See also Tit. 7, § 157, Alabama Code (Recomp. 1958) (now Codeof Ala. 1975, § 6-6-223).
There was no irregularity contained in the plaintiff's complaint merely because it requested both declaratory and other equitable relief, Donoghue v. Bunkley, 247 Ala. 423,25 So.2d 61 (1946); Tit. 7, § 163, Alabama Code, supra (now Codeof Ala. 1975, § 6-6-230), and the defendants do not make any such contention. They maintain that the trial court's order enjoining the councilmen's practice, heretofore described, was erroneous because of the absence of proof of any injury testifying injunctive relief.
The trial court found that:
 [t]he practice complained of by Plaintiff has resulted in the expenditure of large sums of funds and the conduct of other business of the City which affects the rights of the Plaintiff and his fellow citizens. That there exists between the Plaintiff and the Defendants an actual controversy which is definite, real and substantial, which touches the legal relationship between Plaintiff and Defendants in a manner within the jurisdiction of this Court. That the Defendants have announced their intention to continue transaction of City business in the manner complained of by the Plaintiff; that the conduct of business by means of letters signed by at least three of the five City Councilmen is null, illegal, void and unlawful and if permitted to continue would cause further irreparable harm and damage to the Plaintiff as well as his fellow citizens. That the procedure of signing letters or other documents by three or more City Councilmen and then making the group of documents all `a matter of record' subsequently by action at a formal Council meeting denies the public substantial rights and effectively circumvents the will of the legislature.
It is noted that the trial court found affirmatively that continued operation of the city government in the manner complained of would cause further irreparable harm to the plaintiff and other citizens. This finding is strengthened by considering the plaintiff's alternatives. To relegate him to additional actions for declaratory relief to determine whether in each instance a valid decision has been taken by the council would require a multiplicity of suits. To require such an unreasonable redress is in itself an irreparable injury to him,accord, Medical Society of Mobile County v. Walker, 245 Ala. 135, 16 So.2d 321 (1944), not to mention the effect upon the city's citizens which may ensue from a continuation of such practices. Cf. Montgomery Limestone Co. v. Bearden, 256 Ala. 269, 54 So.2d 571 (1951). *Page 442 
A request for an injunction is directed to the sound discretion of the trial court under the facts and circumstances of the particular case. Reed v. City of Montgomery,341 So.2d 926 (Ala. 1976). We cannot find an abuse of that discretion in this case. Let the judgment of the trial court be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.