This is an appeal from an order of the Circuit Court of Fayette County granting *Page 1355 
appellees, Terra Resources, Inc., and Natural Resources Corporation (plaintiffs), a preliminary injunction against appellant, Howell Pipeline Co., Inc. (defendant), enjoining defendant from failing to honor a contract between the parties.
The dispositive issue on this appeal is whether the trial court was correct in ruling that plaintiffs successfully proved the necessary requirements for relief in the form of a preliminary injunction. After a review of the evidence before the trial court, we find that the court was correct. The judgment of the trial court is affirmed.
Two witnesses were called by the plaintiffs in their effort to obtain injunctive relief. From the testimony of these two witnesses come the facts of the case, which follow.
Plaintiffs own partial interest in some natural gas wells in Fayette and Lamar Counties, Alabama. Of the 100 wells in question, plaintiff Terra Resources, Inc., is responsible for the operation of approximately 70. Plaintiffs do not own an entire 100% interest in any of these wells. The pipelines to which these wells are connected are owned by defendant, and there are no other pipelines available for plaintiffs to use. The gas taken from plaintiff's wells is primarily purchased by defendant.
The contract which governs these gas sales is contained in two documents. December 31, 1995, is the announced expiration date of the contract, but if neither party gives notice to cancel, the contract may then extend from year to year.
Defendant agreed to extract and pay for a minimum daily volume of gas, the volume and price being established in the contract. Defendant is required to inform plaintiffs of how much gas was taken during the previous month, and subsequently pay plaintiffs the amount owed them for the gas. This the defendant did until September 1983. Defendant did not pay plaintiffs for the gas that was taken in August. A similar apparent breach of the contract happened again in October. It was then that defendant's vice-president advised plaintiffs that they would receive no more payments, either for the gas already taken, or for any taken in the future. No payments were made following this notification, even though defendant continues to pump the gas and sell it to Alagasco.
Plaintiffs seem to be without an adequate legal remedy in this case. They have entered into royalty agreements to which they are bound, and are unable to stop the flow of gas due to the fact that they do not own all of the well stream. Even if plaintiffs could get the other owners to agree to shut-in the wells, there is evidence that drainage across lease lines would occur, causing plaintiffs to lose an uncertain amount of gas.
Plaintiffs testified that the amount of money owed by defendant for the gas actually taken was approximately $2,000,000.00. Since the gas was flowing, the plaintiffs were also forced to pay royalties of $469,000.00. During the same two-month period, plaintiffs paid $195,975.00 to the State of Alabama for severance taxes on the gas taken by defendant but not paid for, as well as $589,304.00 in operating costs. The total negative cash flow to plaintiffs for the two-month period was approximately $3,250,000.00.
Plaintiffs sought an order from the court to enjoin defendant from breaching the contract, and defendant made no motions at that time, but simply "rested." An answer was not yet on file at the time of the hearing.
In a preliminary injunction action, the trial court's decision will not be disturbed on appeal, absent a gross abuse of discretion. Alabama Education Association v. Board ofTrustees, 374 So.2d 258 (Ala. 1979). The result of this abuse must be of a type that would constitute a manifest injustice unless corrected on appeal. Id. Having determined that the issuance of a preliminary injunction is within the *Page 1356 
mature discretion of the trial court, we now consider what evidence and issues were before the trial judge, in order to determine if the court abused its discretion in this case.
Defendant urges that since it was not shown to be in any financial difficulty or insolvency, and since the plaintiffs have not contended that they will have any problem proving money damages, that plaintiffs have an adequate remedy at law and are thus not entitled to injunctive relief. Defendant maintains that plaintiffs seek the payment of money, and cites several cases in support of its contention that an injunction is not the proper remedy for plaintiffs who can be adequately compensated through the award of money damages. In such a case, defendant argues, an injunction will not lie unless one of two exceptions is present: the defendant is insolvent, or the legal remedy is inadequate, resulting from inability to prove the extent of the injury with the certainty required for a recovery of damages at law. Shelton v. Shelton, 238 Ala. 489, 493,192 So. 55, 58 (1939). Here the court has not ordered the payment of money to relieve a past debt, but has merely enjoined the defendant from breaching a contract. In Medical Society ofMobile County v. Walker, 245 Ala. 135, 16 So.2d 321 (1944), this court stated:
 A court of equity will endeavor to the extent of its powers to bind men's conscience so far as they can be bound to a true and literal performance of their agreements, and will not suffer them to depart from their contracts at pleasure, leaving the party with whom they have contracted to the mere chance of any damage which a jury may assess.
245 Ala. at 140, 16 So.2d at 325. Since defendant's contention is inapplicable in this case, the court will have to look to case law for a standard by which it can decide this case.
A three-pronged test has developed in this state by which the trial court can review an application for a preliminary injunction:
 1. ". . . if [the trial judge] finds that the party has presented a fair question as to the existence of the right to be protected, and further finds that temporary interference to preserve the status quo is convenient and expedient, then he may exercise his discretion and grant the injunction."
 2. ". . . An injunction should not be granted unless it is necessary to prevent irreparable injury."
 3. "Injunctions . . . will not be granted merely to allay apprehension of injury; the injury must be both imminent and irreparable in a court of law."
Double C. Productions, Inc. v. Exposition Enterprises,404 So.2d 52, 54 (Ala. 1981). "In measuring the relief sought by a complainant against this standard, the trial court, then, in its discretion and under the individual facts and circumstances of each case, `. . . may consider and weigh the relative degree of injury or benefit to the respective parties. . . .'" Id.,citing Valley Heating, Cooling and Electric Company v. AlabamaGas Corporation, 286 Ala. [79] at 82, 237 So.2d [470] at 472 [(1970)].
 1.
We agree with the trial court that plaintiffs presented a fair question as to the existence of a right to be protected. At the hearing, plaintiffs established a prima facie case that defendant was taking gas under the contract and selling it, but not paying plaintiffs for the gas taken. Also, plaintiffs offered proof that defendant's vice-president directly advised plaintiffs that defendant would not pay for gas taken in the future. Under these circumstances plaintiffs demonstrated the existence of a right to be protected; namely, the right to payment for gas taken by defendant pursuant to the contract.
We also agree that temporary interference to maintain the status quo is warranted. The injunction here simply ordered the defendant to comply with the terms of the contract and pay for the gas which was *Page 1357 
taken from plaintiffs' wells. In this manner, the relative financial positions of plaintiffs and defendant are preserved until a final decision on the merits can be reached.
 2.
Defendant relies on Teleprompter of Mobile v. Bayou Cable TV,428 So.2d 17 (Ala. 1983), in support of its assertion that a temporary loss of income can be fully redressed by money damages, and, therefore, does not constitute irreparable injury. What plaintiffs suffer here, however, is not a temporary loss of income, but rather, a continuing wrong at the hands of the defendant. Since plaintiffs do not own 100% of the well stream, they are unable to shut-in the wells and sue defendant for the money owed them. Even if the other owners allowed a shut-in, plaintiffs would run the risk of drainage and the subsequent loss of leases. Their only alternative, without the aid of injunctive relief, is to continue to have their gas taken by defendant, and then sue monthly, as the payments come due, to recover from defendant the money to which they are entitled pursuant to the contract. Plaintiffs, however, are under an obligation to continue their drilling and exploration. They are also liable for severance taxes and royalty payments on the gas taken by defendant, so these monthly lawsuits would not even serve to make them whole.
This court has long recognized the rule that, where the injury is a constantly recurring grievance, a court of equity will interfere by injunction. Ogletree v. McQuaggs, 67 Ala. 580
(1880). It has been said that a trial court:
. . . interferes only where there is immediate pressing necessity for the prevention of injury, incapable of adequate compensation in damages at law, or such as from its continuance or permanent mischief must occasion a constantly recurring grievance which cannot be otherwise prevented but by an injunction.
[Emphasis added.]
43 C.J.S. Injunctions § 30 (1978). Plaintiffs cite Mobile andO.R. Co. v. Zimmern, 206 Ala. 37, 89 So. 475 (1921), for the same proposition. In that case, the plaintiff shipped coal over defendant's railroad pursuant to a contract. Defendant regularly confiscated quantities of plaintiff's coal, admitted that he had done so, and stated that he would continue to do so in the future.
Defendant here contends that this case is distinguishable from Zimmern in that the Zimmern case involved the tort of conversion, while the case at bar involves the breach of a contract. This, however, is not the case, as the court inZimmern also enjoined a breach of contract. See Mobile and O.R.Co. v. Zimmern, 206 Ala. at 39, 89 So. at 477. According to W. Prosser, Handbook of the Law of Torts, § 15 (4th ed. 1971), where one party to a contract takes property belonging to the other party, and states that he has no intention to pay for it, the taking is tortious. This is the very situation here. Defendant's attempt to distinguish the two cases, then, is erroneous.
This court reached a similar conclusion in Tidwell v. H.H.Hitt Lumber Company, 198 Ala. 236, 73 So. 486 (1916). This case involved the cutting and removal of timber from plaintiff's land by defendant timber company. The activities were governed by a contract between the two parties. Plaintiff sought injunctive relief, and defendant argued that plaintiff possessed an adequate remedy at law. The trial court granted the injunction, stating:
 The injunction is granted, not merely because the injury is essentially destructive, but because, being continuous or repeated, the full compensation for the entire wrong cannot be obtained in one action at law for damages.
Tidwell v. H.H. Hitt Lumber Company, 198 Ala. 236, 242,73 So. 486, 489 (1916).
Defendant attempts to explain away this holding by arguing that, while money damages may not adequately compensate for the destruction of timbered Blackacre, money damages will clearly compensate for the loss of money. Defendant's assertion *Page 1358 
is incorrect, because, as plaintiffs point out, this court has used the rules set forth in Tidwell in cases in which the natural resources had agreed values. Dean v. Coosa CountyLumber Co., 232 Ala. 177, 167 So. 566 (1936); Wadsworth v.Goree, 96 Ala. 227, 10 So. 848 (1892). These cases stand for the proposition that it is not the resulting damage to the resource which produces the irreparable harm, but defendant's intervention in plaintiff's (owner's) right to determine the disposition of the natural resource he possesses.
Finally, the court must consider whether the injury is both imminent and irreparable, and it is here that the court engages in a balancing process. At trial, plaintiffs demonstrated the irreparable harm that would befall them should the injunction not be granted. Defendant did not respond with any evidence. The trial judge was able to find that the plaintiffs would suffer irreparable and imminent injury should the injunction not be granted, while injury to defendant would be slight if there were any at all. The injunction would simply have the defendant pay plaintiffs out of the proceeds of the gas taken from plaintiffs' wells, which proceeds plaintiffs were entitled to pursuant to the contract.
The issue before us here is the correctness of the order granting the preliminary injunction; we are not reviewing a final judgment on a hearing of the case on its merits. The evidence may show that plaintiffs are not entitled to a permanent injunction. We merely hold that preliminarily enjoining the defendant from failing to honor the contract was a valid exercise of discretion by the trial court, and affirm the judgment of the trial court.
AFFIRMED.
MADDOX,* FAULKNER, ALMON and EMBRY, JJ., concur.
* Although not sitting during oral arguments, Maddox, J., has listened to the tapes made of the oral arguments and has considered the briefs and the record.