PER CURIAM.
These appeals by Southern Housing Partnerships, Inc. (“SHP”), are from a judgment partially granting the appellee’s (Church’s) motion for a preliminary injunction. Ala. Code 1975, § 12-22-6; and Rule 4(a)(1)(A), A.R.A.P. We quote directly from a portion of the trial court’s judgment:
“The question remains whether these [annual investor’s service fees] should be paid to Church while this litigation is pending or whether he should wait until the final adjudication of all aspects of the case. Counsel for Church rely primarily on the cases of Howell Pipeline Co., Inc. v. Terra Resources, 454 So.2d 1353 (Ala. 1984); Mobile & O.R. Co. v. Zimmern, 206 Ala. 37, 89 So. 475 (1921); and Tidwell v. H.H. Hitt Lumber Co., 198 Ala. 236, 73 So. 486 (1916), for the position that injunctions are appropriate in situations involving recurring acts. Counsel for Sorrell and SHP argues that there is an adequate remedy at law and that there is no irreparable injury involved in this case. It is the opinion of the court that due to the recurring nature of the payment of the fees involved in this case, injunctive relief is appropriate. There is certainly a distinction between the facts in this case and the Howell Pipeline case, but there is less distinction between this case and the Zimmern and Hitt cases. In Zimmern and Hitt the act sought to be enjoined was the taking of things whereas here it is the withholding (or taking) of money.
*518 [[Image here]]
“The relief requested by the ‘Motion for Preliminary Injunction’ is denied to the extent that it requests that SHP pay all amounts claimed by Church as his percentage of the Annual Investor’s Service Fee.... The Court does, however, order SHP to pay all such money into the registry of the Court within 30 days of the date of this Order and that it pay all future amounts into the registry of the court as such come due and payable at the end of each year occurring prior to the final determination of all of the issues in this case. The court has calculated the total amount due to Church at this time to be FIFTY EIGHT THOUSAND EIGHT HUNDRED AND NO/100 DOLLARS ($58,800.00) plus interest from the date due on each payment until the date paid to the Register.”
We affirm as modified.
Because of the interlocutory posture of the case, in which the merits are still pending in the trial court, no useful purpose can be served by an at-length treatment of the issues presented on appeal. Suffice it to say that we agree with the trial court’s granting partial injunctive relief, with certain observations and modifications.
At the outset, we observe that, notwithstanding language in the injunctive order that may be interpreted to the contrary, we do not understand that the trial court has made any determination on the ultimate merits of the claims, counterclaims, or cross-claims as among the various parties to this complex litigation. Where the trial court’s judgment speaks of “the total amount due to Church at this time,” this language is to be read as necessarily being conditioned on a later determination in Church’s favor in the trial on the merits. Indeed, SHP has offered evidence, including supporting documents, which, if believed, constitute a meritorious defense to Church’s claim.
Nothing in the trial court’s order and nothing we say in this opinion is to be understood as reflecting on the merits of the multiple and complex issues yet to be tried. We hold merely that, subject to the hereinafter stated modifications, the trial court did not abuse its discretion and that it applied the appropriate standard of review of motions for preliminary injunctive relief.
To the extent that the trial court’s order contains an error in calculation of the past-due annual investor’s service fee, the amount of such fee is corrected to reflect the sum of $56,400.
JUDGMENT MODIFIED; AFFIRMED.
All the Justices concur.