Defendant J.P. Mitchell appeals from a declaratory judgment rendered in favor of Concerned Citizens of the CVEC, Inc. (hereinafter "Concerned Citizens"), holding that the circuit court is without authority to decide whether the removal of a trustee of an electric cooperative by the cooperative members, pursuant to the cooperative's by-laws, was for a legal cause set forth in the by-laws. We reverse.
J.P. Mitchell was elected to the board of trustees of the Coosa Valley Electric Cooperative, Inc., (hereinafter "Cooperative") in 1982 for a three-year term. The Cooperative is a non-profit, voluntary membership corporation, incorporated in 1939 pursuant to provisions currently found at Code 1975 §37-6-1 et seq., to provide electric power and related services to its members.
In August 1984, certain members of the cooperative ("Concerned Citizens") delivered a petition to the Cooperative, pursuant to its by-laws, seeking to remove Mitchell from the board of trustees. The Cooperative trustees rejected the petition and the Concerned Citizens filed a complaint in circuit court against the Cooperative and its board members, seeking a declaration that the petition was in accordance with the Cooperative's by-laws and an injunction preventing the Cooperative from denying the validity of the petition, so that the removal proceedings against Mitchell could proceed. The relief prayed for was granted, but the trial court retained jurisdiction to hear challenges to the removal proceeding. Mitchell was eventually removed from the board by a vote of the membership at a meeting held on October 27, 1984.
On November 6, 1984, Mitchell filed his answer to the Concerned Citizens complaint, a counterclaim, and a cross-claim. Among other averments, Mitchell alleged in his responsive pleading that the purported charges contained in the petition, if proven, did not justify his removal under the by-laws of the Cooperative, and that the Concerned Citizens had "totally failed" to submit evidence to members at the removal meeting that would justify his removal *Page 1285 
from the board under the Cooperative's by-laws. Mitchell sought a judgment from the court declaring that the removal proceeding was void, ordering that he be reinstated in his office for the remainder of his term of office, and ordering that he be indemnified for his legal expenses incurred in connection with the removal proceedings.
The trial court heard the matter on May 20, 1985. The trial court concluded that Mitchell's removal was conducted in accordance with the Cooperative's by-laws and that his removal should be upheld. However, at the hearing, Mitchell attempted to introduce into evidence a transcript of the removal proceedings to show that there was no proof offered at the removal proceedings that established "cause" for his removal, as required by the Cooperative's by-laws. The trial court sustained Concerned Citizens' objection to the admission of the transcript, holding that the court was without authority to decide whether the evidence presented at the recall hearing was sufficient to support Mitchell's removal. Mitchell argues that this claimed error is enough to require a reversal of the trial court's judgment.
Mitchell submits that he does not seek a review of the weight of the evidence presented at his removal hearing, but, rather, a determination of whether any evidence was presented to the membership that would support the existence of the ground alleged as the basis for his removal. Mitchell contends that he cannot be removed from the board without "cause." Moreover, Mitchell asserts that he is entitled to maintain an appropriate action in the circuit court for the determination of the existence of a permissible cause for removal, and that if no
evidence is presented to support a permissible cause for removal, then he should be reinstated. We agree.
Mitchell relies on the holding of Walsh v. State ex rel.Cook, 199 Ala. 123, 74 So. 45 (1917), for the proposition that a director of a business corporation can be removed only for cause and that one can bring an action to challenge a removal without cause. On the other hand, Concerned Citizens asserts that Walsh has been overruled by the adoption of the Alabama Business Corporation Act (hereinafter "ABCA"), specifically § 10-2A-61, Code 1975, which allows the removal of a director, with or without cause.
The ABCA provides in Code 1975, § 10-2A-336, that "all of the provisions of this chapter shall apply to . . . public utilities . . ., except to the extent, if any, that any provision of this chapter is inconsistent with other statutes of this state specifically applicable to such corporations." An electric cooperative is a "public utility." Alabama Power Co.v. Southern Pine Electric Cooperative, 270 Ala. 453, 458,118 So.2d 907, 912 (1959) (Simpson, J., dissenting); Alabama PowerCo. v. Cullman County Electric Membership Corp., 234 Ala. 396,174 So. 866 (1937). Under Code 1975, § 37-6-12, which pertains to electric cooperatives, "[a]ny officer may be removed from office and his successor elected in the manner prescribed in the bylaws."
It is apparent that the ABCA allows for the removal of a corporate director with or without cause, and to the extent Code 1975, § 10-2A-61, conflicts with Walsh v. State ex rel.Cook, supra, that case is overruled. However, Code 1975, § 10-2A-61, as we read it, is not a mandatory provision, and a corporation may provide in its by-laws that a director may be removed only for cause. We are of the opinion that in this case the by-laws of the Cooperative provide for removal of directors only for cause. Moreover, the bylaws provisions of the Cooperative in the instant case pertaining to the removal of directors, which are specifically allowed by Code 1975, §37-6-12, are inconsistent with the removal of directors without cause as recognized under the ABCA. Therefore, the manner prescribed in the by-laws for the removal of directors, and not that in the ABCA, is controlling in this case.
Article VI, § 3, of the Cooperative's by-laws provides in pertinent part: *Page 1286 
 Removal of Officers and Agents by the Board. Any officer or agent elected or appointed by the Board of Trustees may be removed by the Board whenever in its judgment the best interests of the Cooperative will be served thereby. In addition, any member of the Cooperative may bring charges against any officer by filing such charges in writing with the secretary, together with a petition signed by ten per cent of the members or 300, whichever is the lesser, and request the removal of the particular officer by reason thereof. The officer against whom such charges have been brought shall be informed in writing of the charges at least five days prior to the meeting at which the charges are to be considered and shall have an opportunity at the meeting to be heard in person or by counsel and to present evidence in respect of the charges; and the person or persons bringing the charges against him shall have the same opportunity. In the event the Board does not remove such officer, the question of his removal shall be considered and voted upon at the next meeting of the members.
Also relevant is Article IV, § 3, of the by-laws, which provides:
 Qualifications. No person shall be eligible to become or remain a Board Member of the Cooperative who:
 (a) Is not a member and bonafide resident of the particular district which he is to represent.
 (b) Is in any way employed by or financially interested in a competing enterprise or a business selling electric energy or supplies to the Cooperative, or a business primarily engaged in selling electrical or plumbing appliances, fixtures or supplies to the members of the Cooperative.
 (c) Has reached the age of 65 years, provided, however, any Trustee attaining the age of 65 years during his term of office shall continue therein until the expiration of the term for which he was elected but shall not be eligible for re-election.
 (e) Will not agree to attend meetings of the Board on a regular basis and to attend a reasonable number of essential seminar, workshops, state, regional and national meetings, provided however, only two Trustees shall attend any out-of-state seminar, workshop or meeting with such attendance to be rotated among all members of the Board of Trustees. No person shall be eligible to become or remain a member of the Board who, after election, does not make a good faith effort to perform his agreement or fails to attend at least eighty (80) percent or more of the Board meetings each year or;
 (f) Does not demonstrate by his or her actions an understanding of and belief in Cooperative principles and way of doing business, and continue to support their Cooperative or;
 (g) Is not a qualified, registered voter for state and federal elections.
 (h) Each Trustee shall be subject to a credit check on or before December 31 of each year. Any Trustee found to have an unsatisfactory credit record shall be subject to removal from office by the remaining Trustees.
 Upon establishment of the fact that a board member is holding the office in violation of any of the foregoing provisions, the Board of Trustees shall remove such board member from office.
 Nothing contained in this section shall affect in any manner whatsoever the validity of any action taken at any meeting of the board.
In the case at bar, members of the Cooperative brought charges against Mitchell under the procedures set out in § 3 of Article VI, alleging that Mitchell was in violation of Article IV, § 3 (f), above. We are of the opinion that the above sections of the Cooperative's by-laws, when read together, dictate that a director be removed only for a cause set forth in Article IV, § 3, and then only by those procedures found in Article VI, § 3.
This Court has recognized that the constitution and by-laws of both incorporated *Page 1287 
and unincorporated societies and associations are binding on the organization and members thereof if not in contravention of law or public policy. Wells v. Mobile County Board of Realtors,Inc., 387 So.2d 140 (Ala. 1980); Gulf South Conference v. Boyd,369 So.2d 553 (Ala. 1979); Weatherly v. Medical SurgicalSociety, 76 Ala. 567 (1884).
Judicial review of an organization's actions is available to a member of the organization who challenges such action on the grounds that it does not conform to the organization's constitution or by-laws. Weatherly v. Medical SurgicalSociety, supra.
In the instant case, Mitchell argues, in effect, that the Cooperative's by-laws allow the removal of a director only "for cause," and that no cause is evidenced by the transcript of the removal proceedings. On the other hand, Concerned Citizens argues that no cause is necessary for removing a director of the Cooperative. Having held that the by-laws of the Cooperative require that cause be shown in order to remove a director, we must conclude that Mitchell has the right to seek a judicial declaration that his dismissal was not predicated on cause, and was, therefore, in violation of the by-laws. If the transcript of the removal hearing is otherwise admissible, the trial court may examine the transcript to determine if any
evidence established a cause for Mitchell's removal. We point out, however, that if the evidence established a cause, then whether the weight of the evidence presented at the hearing was great enough to justify Mitchell's removal was a question for the Cooperative members voting.
We reverse the judgment of the trial court and remand this cause for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.