ADAMS, Justice.
This is an appeal from a grant of permanent injunctive relief in favor of the defendants, Save Our Co-Op Committee. The plaintiffs, Coosa Valley Electric Cooperative (hereinafter “Coosa Valley”) distribute electricity to central Alabama. On February 24, 1986, members of the Save Our Co-Op Committee delivered five petitions to the attorney for Coosa Valley calling for a special meeting of the cooperative for the purpose of considering removal of four members of the board of trustees. Save Our Co-Op alleged that Coosa Valley’s secretary had purposely failed to call a meeting. Therefore, on March 3, 1986, Save Our Co-Op filed a complaint for declaratory judgment and injunctive relief, asking that a date for the meeting be established. On March 7, the trial court denied the request for injunctive relief. Save Our Co- Op set May 10, 1986, as the date for the meeting of the membership. Prior to this date, attorneys for both sides decided the meeting would occur as scheduled and that neither side would present evidence in support of its allegations or defenses. On May 10, the meeting occurred. However, the meeting disrupted and the board members left. After the board members walked out, the meeting continued with a new board elected by the membership. Coosa Valley filed suit asking that the board members’ removal be invalidated. The trial court granted its request for a temporary restraining order on May 15, 1986. Save Our Co-Op then filed a counter claim.
On May 29, 1986, after a hearing, the court dissolved the TRO and granted Save Our Co-Op’s request for preliminary in-junctive relief. Coosa Valley’s motion to alter or amend the judgment was denied; it filed a notice of appeal on November 25, 1986. Coosa Valley argues here that the trial court erred when it determined that Coosa Valley had waived its right to present evidence at the meeting of the membership and that its chairman had failed to properly adjourn the meeting when the trustees left the meeting. We disagree and affirm.
I.
It is Coosa Valley’s position that the trial court erred when it ruled that Coosa Valley had waived its right to present evidence at the membership meeting. It cites Mitchell v. Concerned Citizens of CVEC, 486 So.2d 1283 (Ala.1986), for support for its contention. Mitchell also dealt with Coosa Valley Electric Cooperative. However, Mitchell addresses a different issue from the one presented in this appeal.
In Mitchell, supra, Mitchell was removed from the Board. However, at his removal hearing, cause for removal was not shown. This Court held that the bylaws of the Cooperative provided for removal of trustees only for cause and that cause must be shown in order to remove the trustee. Contrary to Coosa Valley’s arguments, whether cause existed for the trustees’ removal is not an issue on appeal. That issue was not litigated at trial. Therefore, our holding in Mitchell, supra, mandating that cause be required before removal is inapplicable to the present case. What was litigated below and what is raised on appeal is whether Coosa Valley voluntarily relinquished its right to present evidence at the meeting called for the removal of trustees.
The relevant by-law section, Article IV, Section 5, is as follows:
The Trustee against whom such charges have been brought shall be informed in writing of the charges at least ten (10) days prior to the meeting at which the charges are to be considered and shall have an opportunity at the meeting to be heard in person or by counsel and to present evidence in respect of the charges; and the person or persons bringing the charges against him shall have the same opportunity.
That section provides that the trustees are to be provided with the opportunity to present evidence in their defense against the charges. However, prior to the meet *693 ing, the attorneys for both sides agreed that no evidence was to be presented. This agreement, confirmed by letter, is not disputed by either side. What is disputed is whether, by virtue of that agreement, Coo-sa Valley voluntarily waived its right to present evidence as guaranteed in the bylaws.
The trial court, sitting without a jury, found that the agreement between Coosa Valley and Save Our Co-Op constituted a waiver of the right to present evidence. When a trial court makes a decision based on ore tenus testimony, its factual findings will not be disturbed unless palpably wrong and against the great weight of the evidence. Cougar Mining Co. v. Mineral Land & Mining Consultants, Inc., 392 So.2d 1177 (Ala.1981). Under Alabama law, waiver is the intentional relinquishment of a known right. Providence Washington Ins. Co. v. Stanley, 403 F.2d 844 (5th Cir.1968). In this case, the trustees, by virtue of the by-laws, are provided with an opportunity to present evidence on their behalf at a meeting called for their removal. However, when the attorneys for both sides met, they agreed that neither side would assert this right. This agreement is further evidenced by the correspondence between the sides stating their agreement. Coosa Valley cannot now argue that it did not intentionally and knowingly relinquish its right to present evidence. The record does not support its claim. Therefore, the trial court did not abuse its discretion in ruling that Coosa Valley waived its right to present evidence against the charges against the trustees.
II.
Coosa Valley next argues that the trial court erred when it ruled that the chairman failed to properly adjourn the membership meeting. Coosa Valley argues that the meeting had been adjourned, and, therefore, that the action of the members removing the board is void.
On May 10, 1986, the meeting began at approximately 9:00 a.m. At this time, the secretary notified the chairman that a quorum was present. The chairman called the meeting to order and read the notice and purpose of the meeting. The chairman then recognized the attorney for Save Our Co-Op, who began reading the allegations against the board members. At this point, the sides differ in their factual recitations. Coosa Valley contends that one of Save Our Co-Op’s members stood up and began shouting from his chair. Save Our Co-Op contends that the individual stood up and was trying to be recognized from the floor, and was not recognized. Coosa Valley also contends that another member approached the stage, trying to take control of the meeting. Save Our Co-Op states that the member approached the stage because he had been elected temporary chairman by the group. Coosa Valley next contends that members of Save Our Co-Op began shouting in order to disrupt the meeting. Save Our Co-Op points out that the people causing the disturbance were members of Concerned Citizens, a group opposing removal of the trustees on the board. After trying to regain control, the chairman purported to adjourn the meeting, and the board members, escorted by police, left the auditorium. Coosa Valley attempts to paint a riotous scene; however, after the board members left, the meeting was conducted in an orderly fashion, with the members voting for the removal of the board.
As stated earlier, when a trial court makes a factual finding based on ore tenus testimony, that decision is not to be overturned unless palpably wrong or against the great weight of the evidence. Cougar Mining Co., supra. Usually, a meeting is not adjourned except by motion, second, and vote by the membership. Robert’s Rules of Order, § 17. While the by-laws do not mandate that business meetings follow Robert’s Rules of Order, the trial court did find that meetings in Alabama and elsewhere in the United States are generally conducted according to parliamentary rules or rules of order and that Robert’s Rules of Order is a recognized authority in this field. Coosa Valley cites Article VII, § 40, of Robert’s Rules for its position that when “disorder becomes so great that business cannot be transacted,” the chairman can unilaterally adjourn the meeting. How *694 ever, the trial court, after receiving all of the evidence, hearing all the witnesses, and reviewing the facts, ruled that the meeting did not evolve into such disorder as to mandate a unilateral adjournment. He ruled that when the chairman purported to adjourn the meeting and the board members left, the chairman’s actions were void and the meeting continued. Therefore, the removal of the board was valid. Applying the ore terms standard, we find that the trial court did not err, and its judgment is due to be affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.