JONES, Justice.
The plaintiffs appeal from a summary judgment in favor of Joe Wheeler Electric Membership Corporation, an electric cooperative (hereinafter referred to as “the Coop”).
After failing in an administrative attempt to remove six of the nine trustees of the Co-op,[1] the plaintiffs filed a declaratory judgment action in circuit court, seeking 1) a declaration of the plaintiffs’ rights under the Co-op bylaws and 2) a declaration that the Co-op contravened its bylaws by finding the plaintiffs’ removal petitions invalid and by failing to call a special meeting of the members of the Co-op for the purpose of voting on the removal of certain trustees.
The Co-op moved for summary judgment, alleging 1) that the plaintiffs’ statement of charges against the Co-op trustees did not give the trustees adequate notice of the specific charges against them, as required by the Co-op bylaws and 2) that the plaintiffs’ removal petitions did not set forth “for cause” charges as required by the Co-op bylaws. The plaintiffs countered the motion with a memorandum brief, an affidavit of one of the plaintiffs, and a series of documentary attachments. The Co-op amended its answer to add the defense of “no justiciable controversy” and supported its contention with allegations of the plaintiffs’ failure to fulfill several requirements of the Co-op bylaws. The Co-op also submitted the affidavits of two of the trustees whom the plaintiffs sought to oust.
The trial court, in its reasons for its judgment, stated, in pertinent part:
“The Cooperative bylaws provide only two means for the removal of trustees, triennial elections and removal for cause. *577 This is a permissible scheme under the Alabama Business Corporation Act. Mitchell v. Concerned Citizens of the CVEC, Inc., 486 So.2d 1283 (Ala.1986). Removal for cause shall be on the basis of charges in writing, prior notice thereof, and hearing. Neither Article I, Section 13, nor any other provision of the bylaws provides for a recall election.
“The proffered charges at issue are too uncertain to permit inference that a consensus exists among [the plaintiffs]; too lacking in specificity to apprise [the defendant] of what it must defend; and too vague to afford the membership a standard by which to measure the proof. The charges as drawn amount to a statement of disagreement with [the trustees’] business decisions in general. Under the plan of the bylaws, such disagreements are left to the regular triennial elections. Inasmuch as the proffered charges are insufficient for vagueness, the court need not, indeed cannot, reach the issue whether more specific underlying charges may constitute cause for removal. Other issues are pretermit-ted.”
Article I, Section 13, of the Co-op bylaws set out the procedure for removal of a trustee:
“SECTION 13. Removal of Trustees and Officers. Any member may bring charges against an officer or trustee by filing them in writing with the Secretary, together with a petition signed by ten per centum (10%) of the members, requesting the removal of the officer or trustee in question. The removal shall be voted upon at the next regular or special meeting of the members and any vacancy created by such removal may be filled by the members at such meeting. The trustee or officer against whom such charges have been brought shall be informed in writing of the charges previous to the meeting and shall have an opportunity at the meeting to be heard in person or by counsel and to present evidence; and the person or persons bringing the charges against him shall have the same opportunity.”
The Co-op contends that the phrase “may bring charges” necessarily implies that removal from office of an officer or trustee must be grounded upon a “for good cause” showing. The plaintiffs, on the other hand, contend that such an implication can not be derived from the totality of Section 13’s language. They argue that the “requesting the removal” phrase is inconsistent with a “for good cause” requirement.
When the issue is reduced to its essence, then, the Co-op insists that its officers and trustees can be removed only “for good cause,” while the plaintiffs take the position that Section 13 provides, in effect, for a recall procedure.
Indeed, as the Co-op contends, the “may bring charges” phrase strongly suggests that the bylaws contemplate a charge of incompetency, mismanagement, or other “good cause” for termination. The problem with such an interpretation, however, lies in the fact that the balance of the language of the entire section does not speak in terms of the prosecution and adjudication of those charges. Surely, the “The removal shall be voted upon” phrase, which begins the second sentence, does not contemplate the entire membership, “at the next regular or special meeting,” voting upon the “for good cause” issue. The right to be informed of the “charges” and the opportunity to be heard, as provided in the last sentence of Section 13, could conceivably be referring either to a “for good cause” charge or to a challenge to tenure (or recall procedure).
We hold, therefore, that the trial court erred in finding that the bylaws, on their face, as matter of law, provide for removal of an officer or trustee from office only for cause.
We further hold that the language of Section 13 is ambiguous; thus, we remand the cause to allow the taking of oral testimony on the intent and purpose of the provisions of the bylaws as they relate to the removal of trustees and officers. If the trial court should find from the evidence that the absence of any provision for adjudication of “for good cause” charges results in the phrase “may bring charges *578 against an officer or trustee” being interpreted as “may challenge an officer’s or trustee’s right to tenure of office,” then the trial court shall direct the Co-op to hold a special meeting for the vote of its members on the tenure issue. If, on the other hand, the court finds that the bylaws provide for a “for good cause” termination, then the trial court shall fashion a due process procedure for the adjudication of such issue and shall remand the cause for further proceedings accordingly.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. One of the six trustees the plaintiffs had attempted to remove was defeated for reelection at the Co-op’s 1989 annual meeting; hence, this litigation is moot as to that trustee.